RAYMOND A. AND VADNA M. SANDERS, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 668–68, 669–68, 690–68—692–68, 797–68. Filed September 15, 1969.

---

[1] Proceedings of the following petitioners are consolidated herewith: Raymond Degn, docket No. 669–68; Kevin O. and Geraldine M. Blackwell, docket No. 690–68; Paul J. and Virginia Lowrey, docket No. 691–68; Charles G., Jr., and Mary A. Boyd, docket No. 692–68; and Frank J. and Dorothy A. Barry, docket No. 797–68.

*George Bouchard*, for the petitioners.
*Donald P. Chehock*, for the respondent.

OPINION

Petitioners are all civilian employees who traveled each workday to and from their worksites at Vandenberg Air Force Base. Since only military personnel could live on the base, petitioners had to live in surrounding communities. Moreover, they had to travel between their homes and worksites by automobile because public transportation was not available. The distance traveled each way by the petitioners ranged between 11 and 57 miles, with the average distance being 26 miles. Their travel time each way varied between 20 and 75 minutes, with their average time being 38 minutes. Petitioners deducted on their Federal income tax returns only that portion of their automobile expenses attributable to the distance between their worksites and the community closest to such worksites.

The cases under consideration are not cases involving a taxpayer with a temporary job; or a taxpayer with a permanent job and a temporary assignment; or a taxpayer working in two widely separated localities; or a public official who is required to maintain his residence in his home district but performs his official duties elsewhere. The cases do not involve on-the-job transportation of an employee, or the travel of an outside salesman. Rather, the instant cases all involve employees such as engineers and technicians with permanent places of employment who commute regularly between residence and work and present the question of whether petitioners' automobile expenses incurred in traveling to and from their worksites are deductible under section 162.[3]

---

[3] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\* \* \* \* \* \* \*

(2) traveling expenses \* \* \* while away from home in the pursuit of a trade or business; \* \* \*

The petitioners' main contention is directed to the language of section 162(a)(2). They contend that under such provision their expenses incurred in traveling to and from their worksites each workday were clearly "traveling expenses * * * while away from home in the pursuit of a trade or business." Petitioners' argument cannot succeed in view of the holding in *United States* v. *Correll*, 389 U.S. 299 (1967). The Supreme Court upheld the Commissioner's administrative rule that a taxpayer was not "away from home" under section 162(a)(2) unless his trip required sleep or rest. We conclude here as we did in *Joseph J. Bunevith*, 52 T.C. 837 (1969), that section 162(a)(2) "is of no help to petitioner."

The petitioners' alternative position is that the disputed expenses were generally ordinary and necessary business expenses deductible under section 162(a). Respondent simply contends that these expenses are nondeductible "commuting" expenses disallowed under section 262.[4] See sec. 1.262–1(b)(5), Income Tax Regs.

In *Smith* v. *Warren*, 388 F. 2d 671 (C.A. 9, 1968), the Ninth Circuit considered a case which is not materially distinguishable from the case at bar. The taxpayer in that case piloted ships in the Puget Sound area. The ports included Seattle as well as others located from 100 miles north to 60 miles south of that city. The taxpayer used his personal automobile in traveling between his residence and the waterfronts of these ports to undertake pilot assignments and to return to his home from such assignments. The Ninth Circuit stated in a per curiam decision:

> We think the trial court could properly conclude, on this record, that appellant's principal place of business was in Seattle, rather than in his home, and that the costs of his transportation between those two points were therefore non-deductible commuting expenses. We agree with the district court that this case cannot be distinguished from Steinhort v. Commissioner of Internal Revenue, 335 F. 2d 496 (5th Cir. 1964). See also Heuer v. Commissioner of Internal Revenue, 283 F. 2d 865 (5th Cir. 1960), affirming per curiam 32 T.C. 947 (1959).

In *Steinhort* v. *Commissioner*, 335 F. 2d 496 (C.A. 5, 1964), affirming and remanding on other grounds a Memorandum Opinion of this Court, the Fifth Circuit reaffirmed in principle its earlier approval of the Tax Court's approach in *William L. Heuer, Jr.*, 32 T.C. 947 (1959), affirmed per curiam 283 F. 2d 865 (C.A. 5, 1960). In *Heuer* we considered it to be irrelevant whether there was available public transportation or living accommodations at or near the place of business. Consequently, in the case at bar we are not swayed by the fact that petitioners and their families could not live on the base.

---

[4] SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

Likewise, the fact that public transportation was unavailable to and from the base is not controlling. Whether the Vanderberg or city employee has the option of public transportation as a means of getting to work, or, on the other hand, can get to work only by use of his own automobile, is no ground for saying the one with the option gets no deduction while the other who must use his car does get the deduction. Whether the means of transportation to work is public or private, it is commuting in either situation. Commuting is commuting, whether it is in the city or country.

In the recent case of *United States* v. *Tauferner*, 407 F. 2d 243 (C.A. 10, 1969), it was held that the principles of *Steinhort, supra*, involving commuting expenses of ship pilots, were equally applicable to disallow the deduction of commuting expenses representing unavoidable transportation between the taxpayer's residence and his permanent jobsite 27 miles away in a remote desert area. Concluding that there was no difference between the taxpayer in *Tauferner* and some other taxpayer who was forced to live away from his worksite due to its location in a completely industrialized area, the Tenth Circuit stated:

The nature of the work engaged in, the distance traveled, the mode of transportation, the degree of "necessity" appear to be unsatisfactory guides with any degree of consistency and certainty. The basic and unmodified fact of whether the taxpayer is going to the place where he begins work or is returning from the place where he ceases work should be determinative. Such travels are expenses within section 262 as "personal, living or family expenses" whether in an urban, suburban, or rural setting.

Petitioners further attempt to justify these deductions on the grounds that they have not claimed expenses relating to the full distance traveled each way but rather have limited their deductions only to the distance between the base and its nearest habitable community. Petitioners' argument may be appealing from an equitable and logical standpoint but it cannot prevail when considered in the light of the statutes, regulations, and caselaw. There is no convincing way to distinguish the expenses here from those of suburban commuters. Petitioners' hardships are no different than those confronting the many taxpayers who cannot find suitable housing close to their urban place of employment and must daily commute to work. We see no reason why petitioners in the case at bar should receive more favored tax treatment than their urban counterparts who also cannot live near their worksites. In *United States* v. *Correll, supra* at 303, the Supreme Court expressed similar views:

By so interpreting the statutory phrase, the Commissioner has achieved not only ease and certainty of application but also substantial fairness, for the sleep or rest rule places all one-day travelers on a similar tax footing, rather than dis-

criminating against intracity travelers and commuters, who of course cannot deduct the cost of the meals they eat on the road. See *Commissioner* v. *Flowers*, 326 U.S. 465.

The foregoing statement of the Supreme Court adds to what the Fifth Circuit had earlier said in *Steinhort, supra* at 503:

Deeply ingrained in the whole tax structure—memoralized now by literally hundreds of tax rulings, Tax and other Court decisions * * *—is the basic proposition that the cost of going to and from home and an established place of business is a nondeductible personal expenditure.

At times the pursuit of this approach brings about illogical and near absurd conceptual situations. But its predominant and redeeming grace is a sort of rough equality among all the millions of taxpaying, income-earning Americans who go—not as in scriptural days down to the sea in ships—but who go to and from their homes and their place of work. A lesser virtue is administrative uniformity.

The holding of the Ninth Circuit in *Smith* v. *Warren, supra,* together with the comments of the Tenth Circuit in *United States* v. *Tauferner, supra,* adequately disposes of petitioners' reliance on *Mathews* v. *Commissioner,* 310 F. 2d 98 (C.A. 9, 1962); *Wright* v. *Hartsell,* 305 F. 2d 221 (C.A. 9, 1962); and *Crowther* v. *Commissioner,* 269 F. 2d 292 (C.A. 9, 1959), all of which were decided before the Supreme Court decision in *United States* v. *Correll, supra.*

> *Decisions will be entered under Rule 50 in docket Nos. 690–68 and 692–68.*
> *Decisions will be entered for the respondent in all other dockets.*