Robert F. and Sharon M. Deming v. Commissioner.
Deming v. Commissioner
Docket No. 2806-69 SC.
United States Tax Court
T.C. Memo 1972-163; 1972 Tax Ct. Memo LEXIS 94; 31 T.C.M. (CCH) 812; T.C.M. (RIA) 72163; August 1, 1972
Robert F. Deming, pro se, 2007 W. Cone #2, Greensboro, N. C. Robert N. Ginsburg, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: Respondent determined a deficiency in petitioners' Federal income tax for 1965 and 1966 in the amounts of $173 and $193, respectively. The only issue [1] before the Court in each year is whether the petitioners are entitled to deduct the expense of traveling between the nearest habitable community and the situs of the petitioner-husband's work, under section 162. [2]
*95 Findings of Fact The petitioners, Robert F. Deming and Sharon M. Deming, husband and wife, were residents of Greensboro, North Carolina, at the time their petition was filed. They filed their Federal income tax returns for the years 1965 and 1966 with the District Director of Internal Revenue at Austin, Texas. Robert F. Deming, hereinafter referred to as the petitioner, began working for the Western Electric Company in 1955. In 1960, he was assigned to the White Sands Missile Range in New Mexico, to teach the Nike Zeus system. He remained at White Sands until 1967, teaching engineering in the Sentinel and Saferguard systems. In 1965 and 1966, White Sands was a rectangular block of New Mexico, approximately 100 miles from north to south and varying from 10 to 40 miles east and west. Since it was used as a missile range, none of the approximately 5,000 civilian personnel lived there. Western Electric maintained an administrative office and three job sites at White Sands. The distance from El Paso to the closest job site in White Sands was 48 miles, and to the furthest job site was 70 miles. The nearest habitable place to White Sands was Las Cruces, New Mexico, which was 30 miles *96 from the closest job site and 45 miles from the furthest job site. The petitioner traveled daily to and from El Paso and the job site. He was never required to stay overnight. Western Electric paid the petitioner, as well as its other employees, overtime for the travel time of going to and from work in excess of 45 minutes each way per day. The excess was originally estimated as one hour and later reduced to 45 minutes per day. The amounts paid to the petitioner were reported on his employee's W-2 form as taxable income. In going to and from White Sands, the petitioner drove himself or was a member of a car pool. He was paid the mileage allowance regardless of whether or not he drove. The petitioner was not required to carry any tools with him by his employer. In 1965 and 1966, the petitioner and his wife operated a 16 unit apartment house in El Paso. Each unit rented for $135 per month. The petitioner and his family lived in the same building and he normally performed any maintenance work that was required. On his income tax returns for 1965 and 1966, the petitioner deducted $774 as a business travel expense. He arrived at this figure by taking the mileage between White Sands *97 and the nearest habitable community of Las Cruces (44 miles), multiplying it by the number of trips (176, or 88 round trips), and then applying a mileage rate of 10 cents per mile. Opinion Section 162(a) provides generally that, "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in 813 carrying on any trade or business." On the other hand, section 262 provides that "* * * no deduction shall be allowed for personal, living, or family expenses." When provided with facts such as are presented in this case, the Court must ultimately decide whether the travel expenses represent expenditures related to the taxpayer's business or occupation and are therefore deductible, or whether they represent personal commuting expenses which are not deductible. William L. Heuer, Jr., 32 T.C. 947, 951 (1959), affd. per curiam 283 F. 2d 865 (C.A. 5, 1960), and cases cited therein. The question, while not novel, is nevertheless vexing because of the obvious "overlapping" that occurs and because it is often difficult to apply the general rule of law without raising troublesome equitable considerations. *98 In the instant case, there is no question but that the petitioner lived in El Paso, worked at White Sands, and expended monies in traveling between the two locations. Without more, one would have to conclude that the expenditures represent commuting expenses. However, the petitioner asserts that he should be allowed to deduct the claimed travel expense because White Sands was not habitable and was a "remote area". In Raymond A. Sanders, 52 T.C. 964 (1969), affd. 439 F. 2d 296 (C.A. 9, 1971), this Court disallowed the claimed travel expenses of employees at Vandenberg Air Force Base even though there were no living accommodations and there was no available public transportation. In doing so, it cited United States v. Tauferner, 407 F. 2d 243 (C.A. 10, 1969). In Tauferner, supra, the facts were very similar to those now before us. Even though the taxpayer proved he was unable to live near the chemical plant where he worked, the Court denied the travel expense deduction stating: The taxpayer urges that we should follow the Ninth Circuit in Wright v. Hartsell, 305 F. 2d 221. There the taxpayer worked in a remote AEC site *99 covering a large land area and far from any community, the geography being very similar to that in the case at bar. The court there held that the travel expenses to the site were deductible, and the cited decision cannot be effectually distinguished on any factual basis, but the Ninth Circuit in the subsequent case of Smith v. Warren, 388 F. 2d 671, has in our opinion weakened the authority of the Hartsell case. And further: The more persuasive authority would, in the case before us, place the expenses of the taxpayer in getting to the work site and returning to the place of residence in the personal expense category. There is no convincing way to distinguish these expenses from those of the suburban commuter. As the Supreme Court said in United States v. Correll, 389 U.S. 299, 88 S. Ct. 445, 19 L. Ed. 2d 537, any rule in this area must make some rather arbitrary distinctions. The nature of the work engaged in, the distance traveled, the mode of transportation, the degree of "necessity" appear to be unsatisfactory guides with any degree of consistency and certainty. The basic and unmodified fact of whether the taxpayer is going to the place where he begins *100 work or is returning from the place where he ceases work should be determinative. Such travels are expenses within section 262 as "personal, living or family expenses" whether in an urban, suburban, or rural setting. They are not ordinary business expenses under section 162(a). * * * The petitioner argues that Sanders, supra, and Tauferner, supra, are distinguishable from his case because, "Petitioner's expense was incurred on the job." He supports this premise by showing that he was actually paid a "mileage allowance" by his employer so that he was being compensated "while driving himself to and from the work site". We cannot agree. We believe the petitioner's employer recognized the hardship imposed on its employees respecting housing and transportation and, like many similarly situated employers, it chose to alleviate the hardship by defraying some of the additional costs resulting from the hardship. Certainly, one of the logical "measuring sticks" for the allowance made was the time spent in going to and from work. A payment based on that criteria did not mean that the employer was actually compensating the employee for the physical act of driving to *101 work. The petitioner taught engineering and it was for that service that he was paid. In short, the employer's method of payment cannot convert the act of commuting into the carrying on of a trade or business for tax purposes. Here, in traveling between his work and his residence, the petitioner was commuting. While equitable considerations do raise disturbing questions, the Court's statement in Sanders, supra, is particularly appropriate: 814 * * * Petitioners' argument may be appealing from an equitable and logical standpoint but it cannot prevail when considered in the light of the statutes, regulations, and caselaw. There is no convincing way to distinguish the expenses here from those of suburban commuters. Petitioners' hardships are no different than those confronting the many taxpayers who cannot find suitable housing close to their urban place of employment and must daily commute to work. We see no reason why petitioners in the case at bar should receive more favored tax treatment than their urban counterparts who also cannot live near their worksites. * * * The remaining argument advanced by the petitioner in support of his position is that he had a second *102 business in El Paso (the apartment house) and that he should be able to deduct the transportation expense between his principal post and the second business. While we believe the petitioner's testimony on this point, it is obvious to us that his purpose in traveling between White Sands and El Paso was not to take care of the apartments but to leave and return home each day. In Julio S. Mazzotta, 57 T.C. 427 (1971), on similar facts we stated: * * * The primary motivation for petitioner's trips from his major place of employment to his residence was personal. The primary purpose for these trips was to be home (in the popular sense of the term). We do not believe petitioner's statement that he would not have returned to his residence each evening had he not conducted business there. Accordingly, the trips from the major post of employment were not incurred in the course of petitioner's trade or business. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. There are two other technical adjustments involved which are based on the resolution of this issue. ↩
2. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩