HENRY W. SCHMIDT AND MARY E. SCHMIDT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schmidt v. Commissioner
Docket No. 8928-75
United States Tax Court
T.C. Memo 1977-376; 1977 Tax Ct. Memo LEXIS 62; 36 T.C.M. (CCH) 1529; T.C.M. (RIA) 770376; October 31, 1977, Filed Henry W. Schmidt and Mary E. Schmidt, pro se. Richard W. Kennedy, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1973 in the amount of $2,244.57. Concessions having been made, the sole issue remaining for our determination is the deductibility under section 162(a)[1] of expenses incurred by petitioner, Henry W. Schmidt, in traveling between his residence and various jobsites to which he was assigned during 1973. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. *63 Petitioners are Henry W. Schmidt and Mary E. Schmidt, husband and wife, whose legal residence at the filing of the petition herein was Anaheim, California. Petitioners filed a joint Federal income tax return for the taxable year 1973. Petitioner Henry W. Schmidt [hereinafter Henry] is a millwright whose job involves the installation, replacement, and repair of machinery at various jobsites. During 1973, Henry's employer assigned him to work at approximately nine different locations. One of those locations, the Lockheed jobsite at Mentone, was outside of the Los Angeles Metropolitan area which constituted Henry's principal area of employment. He worked at the Mentone site for 15 days during 1973, traveling 155 miles round trip each day between his residence and the jobsite. As part of his job he carried tools in his car to work weighing approximately 70 to 120 pounds. Henry could not use public transportation to get to his job, nor could he participate in a car pool due to the possibility of his being required to go from one jobsite to another during the course of a day. On their 1973 Federal income tax return, petitioners deducted as part of employee business expenses *64 the cost of traveling between Henry's residence and his jobsites as well as the cost of traveling between such jobsites. Respondent, in a notice of deficiency, allowed petitioners a deduction only for the amount of miles traveled between jobsites. OPINION The sole remaining issue is whether petitioners are entitled to deduct the expenses related to Henry's travel between his residence and various jobsites during 1973. Generally, expenses related to travel between one's residence and place of business are nondeductible personal expenses rather than deductible business expenses. Sections 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.; Fausner v. Commissioner,413 U.S. 838 (1973), rehearing denied 414 U.S. 882 (1973); Commissioner v. Flowers,326 U.S. 465 (1946), rehearing denied 326 U.S. 812 (1946). However, petitioners contend that Henry's commuting expenses qualify within either of two recognized exceptions to this rule. Petitioners' first argument is that the necessity of transporting heavy tools to and from work each *65 day made Henry's commuting expenses deductible, business-related expenses under an exception recognized by respondent in Rev. Rul. 63-100, 1963-1 C.B. 34. [2] However, in order to qualify under this exception, petitioners must prove that butfor the necessity of transporting the heavy tools to and from work, Henry would not have incurred the same commuting expenses. Gilberg v. Commissioner,55 T.C. 611 (1971). It is not enough, however, that the taxpayer demonstrate that he carried tools to work. He must also prove that the same commuting expenses would not have been incurred had he not been required to carry the tools. Thus, if he would have driven to work in any event, the fact that he carries "tools" with him is not an additional expense, and no part of the commuting cost is deductible. [Feistman v. Commissioner,63 T.C. 129, 135 (1974).] *66 Even if Henry had not been required to transport his tools to and from the various jobsites he would still have driven to work in his personal vehicle. He could not have used public transportation because it was impractical, and he could not have commuted by car pool because of the possibility that he would be required to leave one jobsite for another during the course of the day. Petitioners have, thus, failed to prove that Henry incurred any additional expenses due to the necessity of transporting his tools, and they are not entitled to a deduction on this basis. Castillo v. Commissioner,     F. 2d     (9th Cir., Aug. 7, 1973, 32 AFTR 2d 73-5635), affg. a Memorandum Opinion of this Court. Petitioners' second argument is that each location at which Henry worked during 1973 constituted a separate, temporary place of employment, citing Crowther v. Commissioner,269 F. 2d 292 (9th Cir. 1959), revg. 28 T.C. 1293 (1957). Respondent concedes that the costs of traveling between one's residence and a temporary jobsite outside a taxpayer's *67 normal area of employment is a deductible expense. Rey. Rul. 55-109, 1955-1 C.B. 261; Rev. Rul. 190, 1953-2 C.B. 303. [3] However, respondent argues that Crowther is not controlling and that Henry's employment was not temporary.
We have found that Henry's normal and permanent area of employment was the Los Angeles metropolitan area. The vast majority of his working days were spent here, and within this area were located both his employer's shop and his personal residence. See Smith v. Warren,388 F. 2d 671 (9th Cir. 1968). Respondent's counsel conceded at trial that the Mentone, California jobsite was outside this metropolitan area. Furthermore, his employment at this location must be recognized as temporary in *68 that it was reasonably anticipated to (and in fact did) terminate within a reasonably short period of time. Norwood v. Commissioner,66 T.C. 467, 470 (1976). Petitioners are therefore entitled to deduct Henry's expenses of traveling to and from this location. All of the other jobsites were within the city of Los Angeles except for the Irving site which, however, is located on the city's outskirts in relatively close proximity to petitioners' residence. These jobsites were all clearly within the metropolitan area, and hence, Henry's commuting expenses to these locations are nondeductible. Petitioners' contention that all the claimed commuting expenses are deductible because each jobsite constitutes a separate, temporary place of employment ignores the fact that all but one jobsite were within the general area within which he worked on a permanent basis. The facts herein are clearly distinguishable from Crowther v. Commissioner,supra, upon which they rely for this proposition, and are more nearly analogous to Smith v. Warren,supra. Also, the authority of Crowther,supra, has been substantially undermined by *69 Sanders v. Commissioner,439 F. 2d 296 (9th Cir. 1971), cert. denied 404 U.S. 864 (1971), affg. 52 T.C. 964 (1969), and Smith v. Warren,supra.[4]
We must also reject respondent's contention that none of the job assignments were temporary because Henry worked for one employer who regularly assigned him to different locations. The significant fact is his temporary assignment to a place outside his normal area of work rather than the period for which he was employed by any one employer. See Berhow v. United States,279 F. Supp. 737 (D. Neb. 1968). Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. Rev. Rul. 63-100, 1963-1 C.B. 34 was revoked by respondent in Rev. Rul. 75-380, 1975-2 C.B. 59↩. However, the revocation was explicitly limited to transportation expenses paid or incurred after December 31, 1975, and is not applicable to the year in question herein, 1973.
3. Rev. Rul. 76-453, 1976-2 C.B. 86 revoked Rev. Rul. 190, 1953-2 C.B. 303, and modified Rev. Rul. 55-109, 1955-1 C.B. 261 with respect to expenses paid or incurred after June 30, 1977. However, Rev. Rul. 76-453, supra, was itself withdrawn by Announcement No. 77-147, 1977-42 I.R.B. 45↩, and in any event is not relevant to the year in issue herein.
4. See Smith v. Commissioner,T.C. Memo 1972-148; Gurney v. Commissioner,T.C. Memo. 1971-329↩.