ROBERT BROWN AND DOSHIE M. BROWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket Nos. 16092-81, 11602-82
United States Tax Court
T.C. Memo 1983-726; 1983 Tax Ct. Memo LEXIS 59; 47 T.C.M. (CCH) 526; T.C.M. (RIA) 83726; December 7, 1983. Robert Brown and Doshie M. Brown, pro se. Joyce Levy, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In a notice of deficiency dated July 7, 1981, respondent determined a deficiency of $779 in petitioners' Federal income *60 taxes for the calendar year 1978. In a notice of deficiency dated March 23, 1982, respondent determined deficiencies of $917 and $892 in petitioners' Federal income taxes for the years 1979 and 1980, respectively. Petitioners dispute respondent's disallowance of petitioners' deduction of costs incurred by Mr. Brown in commuting between their home in Huntington Beach, California, where they resided during the years in issue and at the time the petitions were filed herein, and his place of employment in Orange, California. Petitioners claimed such costs as business expenses on joint individual income tax returns timely filed for those years. During the years 1964 through 1980, Mr. Brown was employed by DeSoto, Inc. In 1964 he was transferred from his employer's Los Angeles, California, place of business to its Orange, California, place of business. At the time of the transfer, petitioners unsuccessfully attempted to purchase a home in Santa Ana, California, approximately 2 miles from Mr. Brown's new place of employment. They subsequently purchased a home in Huntington Beach, approximately 17-1/2 miles from his new place of employment. Petitioners are Black American citizens *61 and contend that their inability to purchase the home in Santa Ana was due to racial discrimination. Petitioners filed a complaint with the Federal Housing Authority, which was involved in financing the tract in which the Santa Ana home was located, but they apparently did not pursue their complaint because of the expense involved. There is no indication that petitioners attempted to pursue remedies available to them under California law, e.g., Cal. Civ. Code sections 51 and 52 (Deering 1981). See Burks v. Poppy Construction Co.,57 Cal.2d 463, 370 P.2d 313 (1962). See also Reitman v. Mulkey,387 U.S. 369 (1967). Petitioners state their position as follows: Our main argument is that the recial discrimination forced us to live farther from [Mr. Brown's] employment and that the additional mileage should be deducted as a business expense. This should be the case since the Constitution guarantees our rights to choose where to live and not to have the federal government permit both directly or indirectly such discrimination. But for the discrimination, the extra expense would not have been incurred and there would be no *62 deduction claimed. We feel the unconstitutional racial discrimination is a valid reason for the extra commuting expense to be deductible. Section 162 [1] allows a deduction for ordinary and necessary expenses incurred in the carrying on of a trade or business, including expenses incurred by an employee in relation to his employment. Commuting expenses, however, are personal and not deductible. Section 262; section 1.162-2(e) and section 1.262-1(b)(5), Income Tax Regs. See Commissioner v. Flowers,326 U.S. 465 (1946). In Sanders v. Commissioner,439 F.2d 296 (9th Cir. 1971), affg. 52 T.C. 964 (1969), taxpayers were civilian employees who were precluded from living on the Air Force base where they worked. They claimed that they should be entitled to deduct their automobile expenses incurred in traveling between the Air Force base and their homes in various areas distant from the work site. The Court held that neither the inability to live on the base nor the fact that public *63 transportation was unavailable to and from the base was an adequate reason for permitting the taxpayers to deduct their commuting expenses. The Ninth Circuit Court of Appeals then cited with approval several other cases in which courts have held that the degree of necessity attached to the commuting was not a controlling factor. See, e.g., United States v. Tauferner,407 F.2d 243 (10th Cir. 1969), where the taxpayer was required to travel 27 miles between his residence and a job site in a remote desert area. Tax deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). The tax laws obviously do not and cannot make distinctions based on racial classifications. Petitioners are not being treated any differently than any other taxpayers similarly situated with respect to deductibility of commuting expenses. Petitioners' position, however, is that they should receive a special tax concession because they have been treated unfairly in a nontax context. Petitioners claim a substantial violation of rights to which they are undoubtedly entitled. Their situation is not significantly different, however, *64 than that of other taxpayers who believe that their individual constitutional rights are unfairly affected by uniform tax laws, e.g., persons whose religious principles are offended by the use of tax revenues for military expenditures or who are conscientiously opposed to social security taxes. In such cases the courts have consistently held that the uniform application of the tax laws does not violate the Fourteenth Amendment guarantee of equal protection of the laws. See Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969); Greenberg v. Commissioner,73 T.C. 806 (1980); Henson v. Commissioner,66 T.C. 835 (1976). Taxpayers are denied deductions in such other circumstances even though they have fewer direct alternative remedies than were available to petitioners here. The often-criticized complexity of the tax laws is primarily attributable to attempts to perform the awesome task of securing necessary revenues for the government in an equitable manner. Neither those laws nor the persons charged with administering them can carry the additional burden of resolving all grievances that citizens have against their government. Decisions *65 will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩