T.C. Summary Opinion 2010-27


UNITED STATES TAX COURT


PATRICIA CONWAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20085-08S.               Filed March 8, 2010.


Patricia Conway, pro se.

<u>Angela B. Friedman</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2006 respondent determined a deficiency of $5,225 in petitioner's Federal income tax and an accuracy-related penalty of $1,045. The issues for decision are whether petitioner: (1) Is required to report $5,619 of rental income; (2) is entitled to charitable contribution deductions in excess of those respondent allowed; (3) is entitled to deduct unreimbursed employee expenses of $15,863; and (4) is liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time petitioner filed her petition, she resided in Illinois.

For 2006 petitioner reported $76,781 of income on her Federal income tax return. On Schedule A, Itemized Deductions, petitioner claimed: (1) Job expenses and certain miscellaneous deductions of $15,863; and (2) charitable contribution deductions of $7,950.

On July 3, 2008, respondent issued to petitioner a notice of deficiency disallowing: (1) Petitioner's claimed job expenses and certain miscellaneous deductions of $15,863 for lack of substantiation; and (2) $965 of petitioner's claimed $7,950

charitable contribution deductions. Respondent further determined that petitioner failed to report $5,619 of rental income.

During 2006 petitioner worked as a nurse for the Veterans Affairs Medical Center (VA Hospital). She also taught as a licensed practical nurse (LPN) instructor affiliated with the VA Hospital on a part-time basis. As part of her employment contract as an instructor, she was not entitled to receive benefits normally given to regularly paid employees, such as leave or retirement.

In addition to her position at the VA Hospital, petitioner and her son coowned rental property. In 2006 the jointly owned rental property generated rental income, and the Chicago Housing Authority issued to petitioner Form 1099-MISC, Miscellaneous Income, reporting rental income of $5,619.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain circumstances, however, section 7491(a)(1) places the burden of proof on the Commissioner. Petitioner has not alleged that section 7491 is applicable, nor has she established compliance

with the requirements of section 7491(a)(2)(A). Therefore, the burden of proof does not shift to respondent.

## II. Unreported Rental Income

Under section 6201(d), the burden of production may shift to the Commissioner where an information return, such as a Form 1099, serves as the basis for a deficiency determination. If a taxpayer asserts a "reasonable dispute" with respect to any item of income reported on a third-party information return and has fully cooperated with the Commissioner, the Commissioner will have the burden of producing reasonable and probative information concerning the item of income in addition to the information return. Id. The taxpayer must provide timely access to witnesses, information, and documents within the control of the taxpayer. Id.

Petitioner admitted that the rental property she coowned with her son in 2006 generated rental income, and she did not dispute the Form 1099-MISC, issued in her name, reporting $5,619 of rental income in 2006. Petitioner has failed to raise a reasonable dispute as to any item of income reported on the information return; therefore, the burden of production does not shift to respondent.

Petitioner contends that she was not required to report the rental income shown on the Form 1099-MISC because her son

received and reported all their rental income.[1]  Regardless of whether petitioner's son received all their rental income, she is taxed on the rental income because income from property is taxed to the owner at the time the income is earned.  Helvering v. Horst, 311 U.S. 112, 116-117 (1940); Lucas v. Earl, 281 U.S. 111, 114 (1930).  The assignment of income doctrine prevents petitioner from avoiding taxation on her rental income by assigning that income to her son.  See Lucas v. Earl, supra.  Accordingly, respondent's determination is sustained.

III.  Business Expenses

Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction.  See Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

A.  Car Expenses

With respect to certain business expenses subject to section 274(d), more stringent substantiation requirements apply than with respect to other ordinary and necessary business expenses.

---

[1]It is unclear whether the Form 1099-MISC issued to petitioner included all of the rental income from the property or only petitioner's portion of the income.

Section 274(d) imposes strict substantiation requirements for claimed deductions relating to the use of "listed property", which is defined under section 280F(d)(4)(A) to include passenger automobiles.  Under this provision, any deduction claimed with respect to the use of a passenger automobile will be disallowed unless the taxpayer substantiates specified elements of the use by adequate records or by sufficient evidence corroborating the taxpayer's own statement.  See sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

To meet the adequate records requirements of section 274(d), a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  A contemporaneous log is not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of an expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

The elements that must be substantiated to deduct expenses for the business use of an automobile are:  (1) The amount of the expenditure; (2) the mileage for each business use of the automobile and the total mileage for all use of the automobile

during the taxable period; (3) the date of the business use; and (4) the business purpose of the use of the automobile. See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Transportation expenses for substantiated trips between two places of business are deductible, but transportation to and from work is a nondeductible personal commuting expense. See Curphey v. Commissioner, 73 T.C. 766, 777 (1980); Commissioner v. Flowers, 326 U.S. 465, 469-470 (1946); Sanders v. Commissioner, 439 F.2d 296, 297 (9th Cir. 1971), affg. 52 T.C. 964 (1969); Roy v. Commissioner, T.C. Memo. 1997-562, affd. without published opinion 182 F.3d 927 (9th Cir. 1999); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.

Petitioner provided a mileage log for her vehicle for 2006, containing the destination of each business trip, the month of the trip, and the mileage for her trip. Petitioner did not identify or otherwise explain whether she drove to the other hospitals directly from the VA Hospital or from her home.

The Court is unable to determine whether petitioner's trips originated from the VA Hospital, which would entitle her to a business expense deduction, or whether they originated from her home. The Court concludes that the evidence petitioner presented is insufficient to satisfy the strict substantiation requirements of section 274(d).

B. <u>Miscellaneous Expenses</u>

In addition to car expenses, petitioner claimed additional job expenses and miscellaneous deductions.  Petitioner provided receipts for expenditures associated with mailings and the purchase of stationery products.

Although petitioner provided receipts for these expenditures, she did not provide an explanation as to how these expenses were ordinary and necessary to her position as an LPN instructor or her work with the hospital.  In addition, petitioner provided no other evidence of and did not testify about the remaining expenses she claimed for 2006.  Accordingly, respondent's disallowance is sustained.

IV. <u>Charitable Contributions</u>

Petitioner claimed $7,950 in charitable contribution deductions.  Respondent disallowed $965 of the $7,950 petitioner claimed as a charitable contribution deduction for lack of substantiation.

As is relevant here, section 170(f)(8) provides that no deduction is allowed for all or part of any charitable contribution of $250 or more unless the contribution is substantiated by a contemporaneous written acknowledgment from the organization.  See also sec. 1.170A-13(f)(1), Income Tax Regs.  A written acknowledgment is contemporaneous if it is obtained by the taxpayer on or before the earlier of the date the

taxpayer files the original return for the taxable year of the contribution or the due date (including extensions) for filing the original return for the year. Sec. 170(f)(8)(C); sec. 1.170A-13(f)(3), Income Tax Regs. The written acknowledgment must state the amount of cash and a description (but not necessarily the value) of any property other than cash that the taxpayer donated and whether the organization provided any consideration to the taxpayer in exchange for the donation. Sec. 170(f)(8)(B)(i) and (ii); sec. 1.170A-13(f)(2)(i) and (ii), Income Tax Regs.

Petitioner provided a donation receipt from Goodwill Industries dated September 22, 2006, demonstrating that she donated a total of seven items. The receipt lists several of the items donated, including a bed, clothing, and furniture, and includes a total value of $1,250 for the donated items. The Court is satisfied that petitioner has substantiated her charitable contribution deductions to the extent of $965. But because petitioner has not proven that this amount was not included in the $6,985 that respondent allowed as a charitable contribution deduction, she nevertheless is not entitled to deduct the $965. Consequently, respondent's disallowance is sustained.

V.  Accuracy-Related Penalty

Section 6662(a) and (b)(2) imposes a 20-percent accuracy-related penalty on the portion of an underpayment that is attributable to a substantial understatement of income tax.[2] An understatement of income tax is the excess of the amount of income tax required to be shown on the return for the taxable year over the amount of income tax that is shown on the return, reduced by any rebate.  See sec. 6662(d)(2)(A).  An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or, in the case of an individual, $5,000.  See sec. 6662(d)(1)(A).

The Commissioner bears the burden of production with respect to the applicability of an accuracy-related penalty determined in a notice of deficiency.  See sec. 7491(c).  In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once he has met his burden, the burden is upon the taxpayer to prove that the accuracy-related penalty does not apply because of reasonable cause, substantial authority, or the like.  See secs. 6662(d)(2)(B), 6664(c); Higbee v. Commissioner,

---

[2]The Court need not determine whether petitioner is liable for the accuracy-related penalty due to negligence.

supra at 449. Because petitioner's understatement of income tax for 2006 exceeded $5,000, respondent has met his burden for the determination of an accuracy-related penalty based on substantial understatement of income tax.

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability. Id.

Petitioner has failed to demonstrate that she acted with reasonable cause and in good faith in failing to report rental income and substantiate the disallowed job expense and charitable contribution deductions. Accordingly, the Court finds that petitioner is liable for the accuracy-related penalty.

To reflect the foregoing,

Decision will be entered

for respondent.