T.C. Summary Opinion 2011-103

UNITED STATES TAX COURT

LEYLA AND LEOBALDO D. DIAZ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5634-09S.                    Filed August 29, 2011.

Leyla Diaz, pro se.

Brian A. Pfeifer, for respondent.

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court,

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period.  Rule references are to the Tax Court Rules of Practice and Procedure.

and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated December 8, 2008, respondent determined a $1,365 deficiency in petitioners' 2006 Federal income tax. The issue for decision is whether petitioners are entitled to deduct $9,090 in unreimbursed employee business expenses.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioners resided in Florida.

During 2006 Leyla Diaz (petitioner) was employed as an assistant to the operations manager of Harkay Enterprises. Harkay Enterprises owned and operated 11 Midas muffler shops throughout the State of Florida (shops). Her employment duties varied; as she describes her responsibilities, she did whatever the operations manager required. On any given day she routinely drove from one of the shops to another in order to attend managers' meetings, check inventory, check paperwork, enroll employees in the company's health insurance plan, and research customer complaints. She used her own automobile when it was necessary to drive between the shops.

Petitioner used a commercially available computer-based spreadsheet program to create a mileage log in which she recorded her many trips between the shops. Each entry in the mileage log

includes the date of the trip, the beginning and ending address of the trip, and the mileage driven between addresses. The beginning and ending address for each trip recorded in petitioner's mileage log is the address of either Harkay Enterprises or one of the shops. Entries in petitioner's mileage log were usually made during the day of travel. Petitioner's mileage log shows that petitioner drove 15,241 miles in connection with her employment during the year in issue.

While at work, petitioner was required to wear, as she described the clothing, "standard khaki pants", "regular, standard, red polo [shirts]", and "sneakers".

Petitioners subscribed to a cellular service family plan offered by Cingular Wireless. Each petitioner had his or her own cell phone and designated phone number. During the year in issue petitioners paid $1,319.81 to Cingular Wireless in connection with their cellular plan. Petitioner used her cell phone for both personal and business purposes.

Petitioners' timely, electronically filed 2006 joint Federal income tax return was prepared by a paid income tax return preparer. The taxable income and income tax liability shown on that return were computed with reference to petitioners' election to claim itemized deductions in lieu of a standard deduction. See sec. 63. As relevant here, the following deductions for

unreimbursed employee business expenses are included in the itemized deductions claimed on petitioners' return:

| Deduction | Amount |
|---|---|
| Vehicle expenses | $6,825 |
| Uniform and shoe expense | 1,400 |
| Cell phone expense | 1,300 |
| Office expense | 1,400 |

Each of the unreimbursed employee business expense deductions listed above relates to petitioner's employment with Harkay Enterprises. The deduction for vehicle expenses is computed by applying the then-standard mileage rate of 44.5 cents per mile to 15,000 miles, plus $150 attributable to "miscellaneous" transportation expenses.

The above-listed deductions were disallowed in the notice of deficiency, because according to an explanation given in the notice, petitioner "did not establish that the business expense * * * was paid or incurred during the taxable year and that the expense was ordinary and necessary to * * * [her] business".

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[2] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992);

---

[2]Petitioners do not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).
This burden requires the taxpayer to substantiate deductions
claimed by keeping and producing adequate records that enable the
Commissioner to determine the taxpayer's correct tax liability.
Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975),
affd. per curiam 540 F.2d 821 (5th Cir. 1976); Meneguzzo v.
Commissioner, 43 T.C. 824, 831-832 (1965).  A taxpayer claiming a
deduction on a Federal income tax return must demonstrate that
the deduction is allowable pursuant to some statutory provision
and must further substantiate that the expense to which the
deduction relates has been paid or incurred.  See sec. 6001;
Hradesky v. Commissioner, supra at 89-90; sec. 1.6001-1(a),
Income Tax Regs.

The deductions here in dispute are allowable, if at all,
under section 162(a).  That section generally allows a deduction
for ordinary and necessary expenses paid or incurred during the
taxable year in carrying on any trade or business.  The term
"trade or business" as used in section 162(a) includes the trade
or business of being an employee.  Primuth v. Commissioner, 54
T.C. 374, 377-378 (1970); Christensen v. Commissioner, 17 T.C.
1456, 1457 (1952).  The determination of whether an expenditure
satisfies the requirements for deductibility under section 162 is
a question of fact.  See Commissioner v. Heininger, 320 U.S. 467,

475 (1943). On the other hand, section 262(a) generally disallows a deduction for personal, living, or family expenses.

Expenses incurred for the use of passenger automobiles, computers, and cellular telephones in a taxpayer's trade or business are not allowed as deductions unless the taxpayer satisfies the strict substantiation requirements of section 274(d). See secs. 274(d), 280F(d)(4)(A). With respect to deductions for those types of expenses, the taxpayer must substantiate each expense by either "adequate records", or "sufficient evidence corroborating the taxpayer's own statement". Sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). "To meet the 'adequate records' requirements of section 274(d), a taxpayer shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * *, and documentary evidence". Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Generally, corroborative evidence must be direct evidence, such as a statement in writing or the oral testimony of witnesses involved in the event in relation to which a deduction is claimed, or documentary evidence such as described in section 1.274-5T(c)(2), Temporary Income Tax Regs., supra. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020

(Nov. 6, 1985).  In proving the business purpose of an expenditure, the corroborative evidence may be circumstantial. Id.

Taking these fundamental principles into account, we turn our attention to the deductions here in dispute.

Vehicle Expenses

Petitioners claimed a $6,825 deduction for vehicle expenses incurred in connection with petitioner's trade or business.  The deduction consists of $6,675 computed by applying the standard mileage rate to the mileage driven plus $150 for miscellaneous transportation expenses.

1.  Business Miles

To support a deduction for business miles driven, the taxpayer must show by adequate records:  (1) The amount of the expenditure; (2) the mileage for each business use of the automobile and the total mileage for all use of the automobile during the taxable period; (3) the date of the business use; and (4) the business purpose of the use of the automobile.  See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  If properly substantiated, transportation expenses between places of business are deductible, but transportation to and from work is a nondeductible personal commuting expense.  See Commissioner v. Flowers, 326 U.S. 465, 469-470 (1946); Sanders v. Commissioner, 439 F.2d 296, 297 (9th

Cir. 1971), affg. 52 T.C. 964 (1969); <u>Curphey v. Commissioner</u>, 73 T.C. 766, 777 (1980); <u>Roy v. Commissioner</u>, T.C. Memo. 1997-562, affd. without published opinion 182 F.3d 927 (9th Cir. 1999); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.

Petitioner maintained and submitted her mileage log showing the use of her automobile for business purposes during 2006.  The log shows the beginning and ending location of each trip, the date of the trip, and the mileage for each trip.  Petitioner's log does not show the total mileage for all use of the automobile during 2006, nor does it state the business purpose of the use of the automobile as required under section  1.274-5T(b)(6), Temporary Income Tax Regs., <u>supra</u>.  Nonetheless, petitioner's mileage log substantially complies with the "adequate records" requirement of section 1.274-5T(b)(6), Temporary Income Tax Regs., <u>supra</u>, and to the extent her log is deficient, she has provided corroborative evidence sufficient to establish the required elements.  Accordingly, petitioners are entitled to a $6,675 vehicle expense deduction attributable to business miles.

2.  <u>Miscellaneous Transportation Expenses</u>

According to petitioner, she paid $150 for tolls in driving between the shops.  The tolls were paid through the use of a Sunpass.  Petitioners' bank and/or credit card statements show

some payments to Sunpass, but petitioner has failed to show that any of the charges actually relate to business trips. Petitioners are not entitled to include fees paid to Sunpass in the deduction for vehicle expenses.

## Uniform and Shoe Expense

The unreimbursed employee business expenses deducted on petitioners' return include $1,400 for uniforms and shoes.

Expenses for uniforms are deductible if the uniforms are of a type specifically required as a condition of employment, the uniforms are not adaptable to general use as ordinary clothing, and the uniforms are not worn as ordinary clothing. Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Wasik v. Commissioner, T.C. Memo. 2007-148; Beckey v. Commissioner, T.C. Memo. 1994-514. As described by her, while at work petitioner was required to wear "standard khaki pants", "regular, standard, red polo [shirts]", and "sneakers". Petitioner explained that she did not wear her work clothing other than in connection with her employment. Be that as it may, the clothing she described is adaptable to general use. Accordingly, petitioners are not entitled to a uniform and shoe expense deduction.

## Cell Phone Expense

The unreimbursed employee business expense deduction claimed on petitioners' return includes $1,300 for cellular phone service. Petitioner used her cell phone for both business and

personal purposes, and the total amount paid, that is, $1,319.81, includes charges attributable to a cell phone used by her husband.

The deduction for the cell phone expense is subject to the same strict substantiation requirements as the vehicle expense, as discussed above. See secs. 274(d), 280F. Petitioners failed to allocate payments between the personal and business use of petitioner's cell phone as required under section 274(d). See Kinney v. Commissioner, T.C. Memo. 2008-287. Accordingly, petitioners are not entitled to a cell phone expense deduction.

Office Expense

The unreimbursed employee business expense deduction claimed on petitioners' return includes $1,400 for office expenses. More specifically, petitioner testified that these expenses consist of the costs of supplies, logs, and a $1,200 laptop purchased in 2005 for which she was still making payments.

Computers and peripheral equipment are "listed property" and are therefore subject to the strict substantiation requirements. Sec. 280F(d)(4)(A)(iv). Petitioners did not provide any substantiating records in support of this deduction.

With regard to the portion of the office expense attributable to the laptop, petitioners failed to satisfy the strict substantiation requirements of section 274(d) and are therefore not entitled to a deduction for any expense related to

the computer.  With regard to the portion of the office expense attributable to supplies and logs, petitioners did not present sufficient evidence for the Court to form an estimate, see Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985), and therefore petitioners are not entitled to the corresponding deduction for this expense.

To reflect the foregoing,

Decision will be entered

under Rule 155.