**F. E. SMITH and V. K. Smith, Appellants,**
**v.**
**Neal S. WARREN, District Director of Internal Revenue Service, Appellee.**
**No. 22032.**

United States Court of Appeals
Ninth Circuit.

Jan. 19, 1968.

John Ranquet (argued), Seattle, Wash., for appellants.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Edward Lee Rogers (argued), Attys., Dept. of Justice, Washington, D. C., Eugene Cushing, U. S. Atty., Albert E. Stephan, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HAMLEY, JERTBERG, and BROWNING, Circuit Judges.

PER CURIAM:

Appellant * pilots ships in the Puget Sound area, including Seattle and various other ports located from one hundred miles north to sixty miles south of that city. He used his personal automobile in traveling between his residence and the waterfronts of these ports to undertake pilotage assignments and to return to his home from such assignments. He contends that the costs of all such transportation were ordinary and necessary business expenses deductible under section 162(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 162(a) (1964).

The District Director allowed appellant to deduct costs incurred in traveling between his home and piers other than those located in Seattle, and in traveling from one work assignment to another. However, he disallowed costs incurred by appellant in traveling between appellant's home and the Seattle waterfront, on the ground that Seattle was appellant's principal place of employment and costs of transportation between that city and his residence were therefore "commuting" costs, which have long been classified as non-deductible under section 262 of the Code, 26 U.S.C. § 262 (1964), as "living and personal expenses lacking the necessary direct relationship to the prosecution of the business." Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 473, 66 S.Ct. 250, 254, 90 L.Ed. 203 (1946). See sections 1.62–1(g), 1.162–2(e) and 1.262–1(b) (5) of Treasury Regulations on Income Tax (1954 Code). Appellant paid the additional tax and sued the District Director for refund.

In the trial below appellant contended that his residence, rather than the Seattle port area, constituted his principal place of business, and therefore that none of his travel costs were non-deductible "commuting" expenses. Appellant offered evidence that his home was centrally located with respect to the various ports at which he worked, and that he maintained an office in his home where he studied charts, tables of tides and currents, books on radar, and similar materials, and received telephone calls and completed business forms, relating to his work assignments. Appellant pointed out that the District Director had allowed appellant to deduct the costs of maintaining this office as ordinary and necessary business expenses.

The evidence of the District Director, on the other hand, showed that appellant

---

* The income tax returns involved were joint returns of Mr. Smith and his wife.

was a member of an unincorporated association known as the Puget Sound Pilot Association, through which he participated in the maintenance of a communications and dispatching office in downtown Seattle, that all of appellant's work assignments were received through this office, that appellant was not required to remain at his home office to receive them, and that statements of his fees were prepared and mailed to shipowners, accounts were collected, and operating costs were paid from the Association office. Most of the charts, tables, and books which appellant kept at his office in his home were also available in the Association headquarters. The latter office, also, was centrally located with respect to appellant's pilotage assignments, and about half of appellant's assignments began or ended in the immediate Seattle port area. Appellant also participated, through the Association, in the maintenance of a pilot station equipped with two pilot boats, a communications center, and facilities for food and lodging.

We think the trial court could properly conclude, on this record, that appellant's principal place of business was in Seattle, rather than in his home, and that the costs of his transportation between those two points were therefore non-deductible commuting expenses. We agree with the district court that this case cannot be distinguished from Steinhort v. Commissioner of Internal Revenue, 335 F.2d 496 (5th Cir. 1964). See also Heuer v. Commissioner of Internal Revenue, 283 F.2d 865 (5th Cir. 1960), affirming per curiam 32 T.C. 947 (1959).

Appellant relies upon Hulme v. United States, 16 A.F.T.R.2d 5084 (N.D.Calif. 1965). *Hulme* may be distinguishable from *Steinhort* and *Heuer* on its facts. Though the record is not before us, it appears that the taxpayer did not belong to an organization comparable to the Puget Sound Pilot Association and that all of the office activity connected with the taxpayer's business was conducted from the office in his home. In any

event, we adhere to the principles of decision set out in *Steinhort* and *Heuer*.

As the District Director points out, his determination that the office which appellant maintained in his residence contributed to the production of appellant's income and that appellant should be allowed to deduct the costs attributable to that office as ordinary and necessary business expenses is not inconsistent with the District Director's determination that appellant's principal place, of business was located elsewhere. Appellant's position was not essentially different from that of other taxpayers, particularly those engaged in the professions, who, for personal reasons sufficient to themselves, prefer to live in the suburbs and maintain limited personal office or shop facilities in their residence, but who commute daily to their principal place of employment in the city.

Affirmed.