DELORE W. BORGERSON and HAZEL M. BORGERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Borgerson v. Commissioner
Docket No. 6054-72
United States Tax Court
T.C. Memo 1974-158; 1974 Tax Ct. Memo LEXIS 162; 33 T.C.M. (CCH) 683; T.C.M. (RIA) 74158; June 18, 1974, Filed. Delore W. BORGERSON, pro se. Robert J. Chicoine, for the respondent SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in the Federal income tax of petitioner Delore W. Borgerson for the calendar year 1969 in the amount of $455.38 and a deficiency in the income tax of petitioner Hazel M. Borgerson for the calendar year 1969 in the amount of $475.58, making a total deficiency of $930.96. The issue for decision is whether expenses incurred by *163 petitioner Delore W. Borgerson for meals and lodging while he was in Houston, Texas in 1969 are deductible as traveling expenses while away from home in the pursuit of a trade or business within the meaning of section 162(a) (2), I.R.C. 1954. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife who resided in Seattle, Washington at the time of the filing of the petition in this case, filed separate income tax returns for the calendar year 1969 with the Internal Revenue Service Center in Ogden, Utah. Prior to 1967 petitioners resided in Seattle, Washington where Delore W. Borgerson (hereinafter referred to as petitioner) had been employed by the Boeing Co.
In 1967 Boeing Co. negotiated and executed a contract with NASA entitled the Apollo Integration and Evaluation contract (Apollo-TIE), and as a result of this contract Boeing Co. expanded its involvement in the Apollo program. In September 1967 petitioner was transferred by Boeing Co. from Seattle Washington to Houston, Texas to perform assignments under the Apollo-TIE contract. His duties *164 included recruiting and coordinating manpower requirements for the program and assisting in the implementation of a method by which the Apollo space module was analyzed for defects in the electrical system. At the time of his assignment to Houston, Texas, petitioner anticipated that this assignment would be from approximately September 1967 through at least June of 1969. His employment duties in Houston were not actually completed until April of 1970. At the completion of his assignment in Houston in April 1970 petitioner was offered other work with Boeing Co. in Houston which he did not accept. The other work offered petitioner carried a decrease in salary and in his opinion a decrease in prestige. Petitioner returned to Seattle in April 1970 after completing his assignment for Boeing Co. in Houston. His employment with Boeing Co. was terminated upon his return to Seattle. Boeing Co. has set procedures for expenses which will be paid for employees who are transferred for the benefit or at the request of the company. Boeing Co.'s Administrative Procedure Aerospace 431 contains the company's basic procedure for reimbursing employees whom the company relocates from one post *165 of duty to another. Administrative procedure 431 provides that an employee relocated to another post of duty will be reimbursed by the company for moving and relocation expenses including traveling expenses for the employee and his dependents from the old to the new post of duty and the cost of transporting household goods and personal possessions from the old to the new location. This administrative procedure also authorizes the payment to the employee of an additional month's salary and 30 days per diem at the new location while the employee is establishing his residence there. Administrative procedure 431 is used by Boeing Co. when it is anticipated that the employee who is being relocated will be stationed at his new post of duty for at least one year. Where it is anticipated that the employee's assignment to the new post of duty will last 2 years or more, Boeing Co. provides for an additional reimbursement benefit referred to as the home sale plan. Under this home sale plan Boeing reimburses the employee for the cost of the real estate sales commission for the sale of his house at the old location. At the time petitioner was transferred by Boeing Co. from Seattle to Houston *166 a number of other employees of Boeing were also transferred from Seattle to Houston as a result of Boeing's obtaining the Apollo-TIE contract. The officials of Boeing anticipated that the assignment of these employees at Houston would be at least 30 months and possibly longer if the Apollo-TIE contract was renewed. Boeing Co. authorized the home sale plan for petitioner as well as for other employees who were relocated from Seattle to Houston and discussed with petitioner the availability of the moving expense allowances provided by administrative procedure 431. Petitioner received an increase in salary when he was transferred to Houston and while he was stationed in Houston he was paid by Boeing Co.'s division office in New Orleans, Louisiana.
Boeing Co.'s administrative procedure 430 sets forth its basic procedure for reimbursing employees who are on travel assignments. When it is anticipated that an employee's assignment in an area which is outside his present general post of duty area at the time the assignment is made will last for a period not exceeding one year, the employee receives reimbursement under administrative procedure 430. This procedure provides for reimbursement *167 of the employee for transportation from home to airport; car rental where needed; bus, rail, or air fare; transportation from hotel to airport; and stated amounts of per diem allowance for food and lodging. After petitioner's relocation from Seattle to Houston in 1967, petitioner did not receive any per diem or other allowance under administrative procedure 430 while he was actually present in Houston. He did receive these allowances, including per diem, while in other cities including Seattle in the performance of his duties during 1969. During 1969 petitioner received per diem for 124 days while on company business in Seattle. On 76 of these days he received per diem at $16 per day while in Seattle and on 48 days while in Seattle, he received per diem at $12 per day. Petitioner also received per diem in 1969 while in cities other than Houston or Seattle. During 1969 petitioner spent about two-thirds of his working days in Houston, Texas performing duties for Boeing Co.
Most of the Boeing employees who were transferred from Seattle to Houston in connection with the Apollo-TIE contract relocated their families in Houston. Because petitioner's home had for sometime been in *168 Seattle and because of the state of health of petitioner's wife, petitioner chose not to move his wife and daughter from Seattle to Houston. Petitioners did not sell their home in Seattle when petitioner was transferred to Houston and during the entire time petitioner was in Houston his wife and daughter resided in Seattle, Washington in the home in which petitioners had been living in Seattle. Petitioner on his Federal income tax return for 1969 showed an amount of $3,784.27 as his expenses for travel away from home for the time he was in Houston, Texas. Petitioner and his wife filed separate returns. One-half of this amount was deducted by petitioner on his return and the other half by petitioner's wife on her separate return. Neither petitioner included in the income as reported on the return any of the amount received by petitioner as per diem during the time in 1969 that he was in Seattle. By amended petition petitioner claimed that he understated the amount of his expenses for meals and lodging while in Houston, Texas by $1,000. Respondent in his notice of deficiency to each petitioner disallowed the "away from home expenses" of $1,892.14 claimed by each of them with *169 the explanation in each case that the deduction claimed in 1969 for travel expenses and meals and lodging while petitioner was employed in Houston, Texas had been disallowed because it had not been established that petitioner's employment in Houston was a temporary assignment within the meaning of section 162. ULTIMATE FINDINGS OF FACT 1. Petitioner's employment in Houston, Texas during 1969 was not temporary but was of indefinite duration. 2. At the time of petitioner's transfer from Seattle, Washington to Houston, Texas, the reasonable anticipation was that petitioner's employment in Houston would be for a relatively long period of time so that it was reasonable to expect that petitioner would relocate his family to Houston, Texas. OPINION Section 162(a) (2) allows a taxpayer to deduct traveling expenses including amounts expended for meals and lodging while away from home in the pursuit of a trade or business. Except as to the additional amount claimed by petitioner, which $1,000 petitioner has in no way substantiated in the record, there is no controversy in this case as to expenditures made by petitioner for meals and lodging and incidental expenses while he was *170 in Houston, Texas. The issue here is whether these expenses are personal living expenses which are not deductible (see section 262) or are properly deductible business expenses while traveling away from home in the pursuit of a trade or business. The specific question to be determined is whether petitioner was "away from home" within the meaning of section 162(a) (2) when he was in Houston, Texas during the year 1969. In our view as is shown by our ultimate findings of fact, petitioner was not "away from home within the meaning of section 162(a) (2)" while in Houston, Texas in 1969. Clearly Houston, Texas was petitioner's principal post of duty during the entire year 1969. This Court was held on numerous occasions, in accordance with the holding of the Supreme Court in Commissioner v. Flowers, 326 U.S. 465 (1946) that where a taxpayer chooses for personal reasons to maintain a family residence far distant from his principal place of employment, the additional traveling and living expenses are incurred not in the pursuit of the taxpayer's business but as a result of personal choice and therefore are not deductible. Truman C. Tucker, 55 T.C. 783, 786 (1971). *171 As we stated in the Tucker case, the deductibility of traveling expenses and duplicate living expenses depends upon the ultimate question of whether the taxpayer, under all the circumstances, could reasonably have been expected to move his residence to the vicinity of his employment. Here the record clearly demonstrates that petitioner could reasonably have been expected to move his residence to Houston but chose for merely personal reasons to maintain his residence in Seattle. In certain cases we have stressed the fact that when the taxpayer's period of employment was indefinite as compared to temporary his "tax home" for the purpose of section 162(a) (2) was the principal place of his employment. This view has apparently been adopted by the United States Court of Appeals for the Ninth Circuit to which an appeal in this case would lie. See Willis v. Commissioner, 411 F.2d 537 (C.A. 9, 1969), affirming 48 T.C. 308 (1967), and Smith v. Warren, 388 F.2d 671 (C.A. 9, 1968). The facts in the instant case clearly show that petitioner's assignment to Houston was of relatively long duration rather than a temporary assignment. The facts *172 likewise show that under all of the circumstances here present, particularly considering that Boeing Co. would have paid petitioner's moving and relocation costs and that most of the other employees of Boeing Co. who were transferred from Seattle to Houston under the Apollo-TIE contract did move their families to Houston, it could reasonably have been expected that petitioner would have moved his family from Seattle to Houston. Therefore, whether this case is approached solely on the basis of petitioner's maintaining a residence for his wife and daughter in Seattle purely by his personal choice and therefore his expenses in Houston being personal rather than business expenses, or is approached from the standpoint that Houston during the year 1969 was petitioner's "tax home" within the meaning of sectin 162(a) (2), the result is the same; namely, that petitioner has not shown that he is entitled to deduct any of his expenses for meals, lodging, and incidental expenses incurred while living in Houston, Texas. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954. ↩