DAN RODGERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rodgers v. Commissioner
Docket No. 3147-77.
United States Tax Court
T.C. Memo 1979-128; 1979 Tax Ct. Memo LEXIS 398; 38 T.C.M. (CCH) 573; T.C.M. (RIA) 79128; April 5, 1979, Filed Dan Rodgers, pro se. Marion K. Mortensen, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in the Federal income tax of petitioner and his wife, Peggy Rodgers, for the taxable year 1974 in the amount of $2,163.28. The Commissioner also determined an addition to tax for the taxable year *399 1974 pursuant to section 6653(a), Internal Revenue Code of 1954, [1] in the amount of $108.16. Due to concessions, four issues remain for our decision: (1) Whether petitioner and his wife engaged in acting and entertaining activities as a trade or business in 1974; (2) Whether and to what extent petitioner and his wife were entitled to various deductions claimed as being attributable to the alleged trade or business; (3) Whether petitioner and his wife were entitled to a deduction in 1974 for employment related expenses pursuant to section 214; and (4) Whether petitioner and his wife are liable for an addition to tax for 1974 pursuant to section 6653(a). FINDINGS OF FACT Petitioner Dan Rodgers and his wife, Peggy Rodgers, filed a joint Federal income tax return for the taxable year 1974. Petitioner resided in Long Beach, California, when he filed his petition in this proceeding. During 1974, petitioner was employed as a sheet metal worker and received wages from such employment in the amount of $13,038.60. Petitioner's wife received wages from McDonnell Douglas *400 Corporation during 1974 in the amount of $2,922.43. Petitioner and his wife itemized deductions on their 1974 Federal income tax return; one of such deductions was for child care expenses in the amount of $1,015. In 1971, petitionr began pursuit of an acting career. During the years 1971 through 1974, he took a substantial program of voice, dance, and acting lessons. During the years 1971 through 1973, he participated in ten to fifteen stage productions and received pay for his performances in three instances. In 1974, petitioner participated in six stage productions, appeared on one television quiz show, worked on the pilot of another television quiz show, and auditioned for other productions. Including auditions, rehearsals, and performances, petitioner worked as an entertainer on 212 days of 1974. Petitioner was in the trade or business of being an entertainer during 1974. In 1974, petitioner and his wife filed a Schedule C to their income tax return, (Form 1040), Profit or (Loss) From Business or Profession, claimed that they were in the trade or business of being entertainers, reported gross receipts from such trade or business in the amount of $11,094, and took deductions *401 therefrom in the total amount of $6,601.10. The gross receipts so reported were attributable entirely to petitioner's winnings on a television quiz show. Even though petitioner's chances of appearing on the quiz show were enhanced by his background as an entertainer, the amounts received in connection with that show did not constitute income from his entertainment trade or business but rather were prizes won by him as a contestant. The $6,601.10 of deductions claimed consisted of the following: Deduction
Amount
Depreciation $ 90.00
Vehicle license
43.00
Tape recorder repair
36.00
Legal and professional fees
65.00
Payments to Los Angeles Civic Light Opera
and Long Beach Civic Light Opera
262.00
Entertainment
192.17
Travel
1,306.09
Costumes and cleaning bills
1,645.16
Gifts and supplies
235.28
Automobile transportation
2,191.00
Taxi fares
69.40
Telephone
70.00
Studio in petitioner's home
396.00
Petitioner and his wife were entitled to deduct for 1974 only the following on their Schedule C (Form 1040): Depreciation $ 90.00
Tape recorder repair
36.00
Entertainment
106.96
Supplies
12.81
Music lessons
15.00
Petitioner *402 and his wife are entitled to a charitable contribution deduction pursuant to section 170 in the amount of $100 because of their contribution in that amount to the Long Beach Civic Light Opera. Respondent determined that neither petitioner nor his wife were in the trade or business of being entertainers. Therefore, respondent included petitioner's winnings from the television quiz show in income but not as income from the conduct of a trade or business, and disallowed trade or business expenses in their entirety. Respondent noted additionally that some of those expenses had not been substantiated. Respondent disallowed the entire deduction claimed for child care expenses. Respondent imposed an addition to tax under section 6653(a) because part of the deficiency was due to negligence or intentional disregard of rules and regulations. ULLTIMATE FINDINGS OF FACT Petitioner was in the trade or business of acting and entertaining in 1974.
Part of the underpayment of tax by petitioner and his wife was due to negligence or intentional disregard of rules and regulations. OPINION On the Federal income tax return filed by petitioner and his wife for 1974, amounts were reported as *403 income and expenses from the business activity of acting. The issues which relate to such amounts are whether petitioner and his wife engaged in acting and entertaining activities as a trade or business and whether and to what extent petitioner and his wife were entitled to deductions related to the alleged trade or business. During 1974, the principal source of income for petitioner and his wife was petitioner's sheet metal trade. However, it is well established that a taxpayer may be engaged in more than one trade or business. Alverson v. Commissioner,35 B.T.A. 482, 488 (1937). Whether petitioner's activities and his wife's activities as entertainers were sufficient to constitute a trade or business is a factual question. Higgins v. Commissioner,312 U.S. 212 (1941). Petitioner bears the burden of proof in this proceeding. Welch v. Helvering,290 U.S. 111 (1933). Based on the entire record before us, we hold that petitioner has sustained his burden of proving that during 1974 he was in the trade or business of acting and entertaining; petitioner has failed to prove that during 1974 his wife was in that same trade or business. *404 Even for an "overnight star" a period of obscurity and hard work regularly precedes a successful acting or entertaining career. It must be determined on a case-by-case, factual basis whether or not a person who aspires to such a career is in the trade or business of acting or entertaining during such a period. In the instant case, petitioner spent 212 days of 1974 on auditions, rehearsals, and performances. That total does not include days that he only rehearsed at home. When added to petitioner's demonstrated profit motive and his desire to make acting his exclusive occupation, the amount of time spent by petitioner in an earnest effort at success convinces us that his acting and entertaining activities constituted a trade or business and were not merely a hobby or recreation. On the other hand, petitioner has not presented sufficient evidence about his wife's acting and entertaining activities for us to decide that she, too, was in the trade or business of acting and entertaining. Having decided that petitioner was in the trade or business of acting or entertaining during 1974, it remains for us to decide whether and to what extent he and his wife were entitled to trade *405 or business deductions in 1974. Respondent contests the claimed deductions on the grounds that none of them constitute ordinary and necessary business expenses and that the deductions for gifts, travel, and entertainment were also insufficiently substantiated for purposes of section 274(d). Certain general rules govern the allowability of the deductions claimed by petitioner and his wife. Deductions are a matter of legislative grace, and it must be demonstrated that the circumstances of petitioner and his wife are within the specific requirements of the sections under which the deductions are claimed. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). The burden of proving that the deductions are allowable is on petitioner. Welch v. Helvering,290 U.S. 111 (1933). We have analyzed each of the deductions claimed by petitioner and his wife within the framework of these general rules. Petitioner and his wife claimed a deduction for transportation expenses in the amount of $2,191. Petitioner kept a daily log in which he noted the distances traveled in pursuit of his acting and entertaining activities. It is well established that commuting *406 expenses are nondeductible. Fausner v. Commissioner,413 U.S. 838, 839 (1973). Trips between petitioner's home and his various entertainment engagements, which constitute most if not all of petitioner's "business trips", were instances of commuting. Smith v. Warren,388 F.2d 671 (9th Cir. 1968), affg. an unreported case ( W.D. Wash. 1967, 19 AFTR 2d 631, 67-1 USTC par. 9353). Petitioner has not proven that any of the travel was between his place of employment as a sheet metal worker and his entertainment engagements. Therefore, no deduction for petitioner's claimed transportation expenses is allowable. Petitioner and his wife claimed a deduction for taxes in the amount of $43, which represented the cost of a vehicle license. Petitioner admitted that the vehicle was used for personal transportation as well as for "business," which we must interpret to include the driving that we have just found to be commuting. Since petitioner did not prove the portion of total vehicle use that can be characterized as business use, the deduction must be disallowed. Petitioner and his wife claimed a deduction for legal and professional fees in the *407 amount of $65. Petitioner did not recall the purpose of the expenditure or to whom the amount was paid. The deduction is disallowed. Petitioner and his wife claimed a deduction for uniforms and cleaning in the amount of $1,645.16. Petitioner was unable to show any allocation between amounts paid for the purchase of costumes and costs of cleaning. Petitioner did not prove that the costumes were unsuitable for personal use and testified that some were used for personal wear. The costs of cleaning were not shown to be related to petitioner's costumes. Because of this inadequate proof, the claimed deduction is disallowed. Petitioner and his wife claimed a deduction for travel in the amount of $1,306.09. This amount represents the cost of a trip to Alaska and Hawaii, including the cost of airfare to and from Alaska and Hawaii, the cost of hotel rooms, and the cost of auto rental. Petitioner testified that he and his wife went to Alaska and Hawaii to seek work as entertainers. Neither petitioner nor his wife had ever been to Alaska or Hawaii before, nor have they been since, for the purpose of seeking work as entertainers. They had not arranged for auditions in Alaska or Hawaii *408 before they left on the trip, but rather went on the spur of the moment. Petitioner and his wife did not even audition in Alaska or Hawaii. The trip in question was patently personal in nature and its cost is nondeductible. Sec. 262. Petitioner and his wife claimed a deduction for "supplies and gifts" in the amount of $235.28. Petitioner has proven that the following amounts were expended for supplies and are deductible as business expenses: Address labels
$ 5.83
Songbook
6.98
TOTAL
$12.81
Section 274(d) provides that expenses for gifts must be substantiated as to the amount of such expense, the date and description of the gift, the business purpose of the gift, and the business relationship of the taxpayer to the recipient of the gift. Petitioner did not prove all of these necessary elements with respect to any of the claimed gifts. Therefore, with the exception of the deduction for supplies noted above, petitioner and his wife are not entitled to the deduction claimed for supplies and gifts. Petitioner and his wife claimed a deduction for entertainment in the amount of $192.17. Section 274(d) provides that expenses for entertainment must be substantiated *409 as to the amount of such expense, the time and place of the entertainment, the business purpose of the entertainment, and the business relationship of the taxpayer to the person entertained. Petitioner has met each of these substantiation requirements for entertainment provided on the following dates and in the following amounts: 1/9/74
$ 22.50
2/26/74
23.60
7/17/74
39.60
8/28/74
14.83
10/26/74
6.43
$106.96
The remainder of petitioner's claimed entertainment expenses fail to meet one or more of the above substantiation requirements and are not deductible as entertainment expenses. Petitioner and his wife claimed a deduction for taxi expense in the amount of $69.40. Petitioner presented no testimony about this item. No notations appear in petitioner's log. Petitioner has not carried his burden of proving that the amount is an ordinary and necessary business expense and the deduction must be disallowed. Petitioner and his wife claimed a deduction for repairs to a tape recorder in the amount $36of and a deduction for telephone expenses in the amount of $70. The record before us convinces us that these amounts constitute ordinary and necessary business *410 expenses and that they are deductible in their entirety. Petitioner and his wife claimed no deduction for music lessons on their return but have since proved that they are entitled to a deduction in the amount of $15 for music lessons. Petitioner and his wife claimed a deduction for depreciation in the amount of $90, $25 of which was for additional first year depreciation. Petitioner has proven that he and his wife are entitled to the deduction in its entirety. Petitioner and his wife claimed a deduction for "dues and fees" in the amount of $262. Of this amount, $162 was paid for season tickets to the Los Angeles Civic Light Opera. This expenditure was personal in nature and is not deductible. Sec. 262. Of this total, $34 is unidentified. Due to the total absence of proof about this item, the amount is nondeductible. However, petitioner contributed $100 to the Long Beach Civic Light Opera Association which is not deductible as a business expense but does qualify as a charitable contribution pursuant to section 170. Petitioner and his wife claimed a deduction in the amount of $396 for the maintenance of a rehearsal room at home. The room was used strictly for rehearsing, *411 but petitioner could not explain how he had calculated the amount claimed. Having failed to present any evidence or testimony to explain how the amount of the claimed deduction was calculated and having similarly failed to provide any facts whatsoever about his home from which a deductible amount could be calculated, petitioner has failed to carry his burden of proof with respect to this issue and the deduction must be disallowed. Petitioner and his wife claimed a deduction for employment related expenses in 1974 pursuant to section 214. We have found that during 1974 petitioner's wife received wages from McDonnell Douglas Corporation, she was not in the trade or business of acting and entertaining, petitioner earned income as a sheet metal worker, and he was in the trade or business of acting or entertaining. In the case of married taxpayers filing jointly, child care expenses are deductible under section 214 only if they are incurred to enable both spouses to be gainfully employed on a substantially full time basis during the months for which the deduction is claimed. Secs. 214(b)(2) and (e)(2). Therefore, petitioner and his wife might be entitled to a deduction for child *412 care expenses incurred for times when petitioner was working and his wife was at her McDonnell Douglas Corporation job. However, petitioner produced no evidence to prove that his wife's job constituted employment on a substantially full time basis, the months for which it could be so characterized, and that the expenses for child care were incurred for times when petitioner was working and his wife was at her McDonnell Douglas Corporation job. It is doubtful that her wages of $2,922.43 represent full time employment for the entire taxable year. In short, petitioner failed to prove that he and his wife were entitled to any deduction for 1974 under section 214. Deductions are a matter of legislative grace, and petitioner must demonstrate that his payments for child care expenses come within the specific requirements of section 214. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Having failed to do so, petitioner has not carried his burden of proof and respondent's determination must be upheld with respect to this issue. Welch v. Helvering,290 U.S. 111 (1933). Respondent also determined that petitioner and his wife were liable for an *413 addition to tax under section 6653(a). Petitioner bears the burden of proving respondent's determination to be incorrect on this issue. Reily v. Commissioner,53 T.C. 8, 14 (1969). Petitioner offered no proof whatsoever to rebut respondent's determination that part of the underpayment of tax was due to negligence or intentional disregard of rules and regulations. Petitioner having failed to carry his burden of proof, respondent's determination must be upheld and the addition to tax imposed. Welch v. Helvering,290 U.S. 111 (1933). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩