JOE J. ADAMS and ANASTASIA ADAMS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Commissioner
Docket Nos. 11273-77, 3142-79
United States Tax Court
T.C. Memo 1982-223; 1982 Tax Ct. Memo LEXIS 529; 43 T.C.M. (CCH) 1203; T.C.M. (RIA) 82223; April 26, 1982. Joe J. Adams, pro se. Francis J. Emmons, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency § 6651(a) [1] § 6653(a)
1973 [2]
$ 537.58
$ 134.40
1974 [2]
532.78
133.20
1975
378.78
18.94
$ 18.94
1977
301.07
*531 After a concession by the respondent, the issues remaining are: (1) whether petitioner Joe Adams' net earnings from the operation of his home repair business during the years 1973, 1974, 1975, and 1977 are subject to self-employment taxes; (2) whether petitioner Joe Adams may deduct the cost of his travel between his home and job sites; (3) whether respondent properly determined the Adams' net earnings for the taxable years 1973, 1974, and 1975; (4) whether the addition to tax under section 6651(a) was properly imposed for the years 1973, 1974, and 1975; and (5) whether petitioners are liable for the addition to tax under section 6653(a) for 1975. FINDINGS OF FACT Petitioners Joe J. Adams (Adams) and Anastasia Adams, resided in Fox Lake, Illinois at the time they filed their petitions in each of these cases. Petitioners were married during each of the taxable years 1973, 1974, 1975, and 1977. Petitioners filed joint Federal income tax returns for each of the years 1975 and 1977 with the Kansas City Service Center, Kansas City, Missouri.On their 1975 return, Adams listed his occupation as "laborer-self-employed" and reported gross income of $ 8,157.50 and business expenses *532 totalling $ 4,408.25. On their 1977 return, Adams listed his occupation as "self-employed" and reported income and expenses relating to his sole proprietorship. Petitioners however indicated on both returns that they owed no income tax nor self-employment tax. Respondent's agent, Mr. Kenneth Lindquist, examined petitioners' 1975 income tax return and discussed the return with Adams in October 1976. During such meeting Adams presented a "daybook" in which he recorded his daily gross receipts and total mileage during 1975. The daybook reflected gross receipts totalling $8,290.29 and mileage totalling 17,238 for the 1975 taxable year. The total mileage figure of 17,238 miles includes both travel by Adams between his home and various job sites and travel between various job sites on the same day. Respondent, however, only allowed as a deduction the travel between the job sites. Based on the information contained in the "daybook," petitioners' tax liability for 1975 was determined. This determination was confirmed by estimating petitioners' personal living expenses during 1975 ($ 5,313) and by comparing such results with information provided by the Department of Labor with respect *533 to a low-income budget for a family of four in the Chicago area during 1975 ($ 9,919). In the course of the examination of petitioners' 1975 return, it was disclosed that Adams had failed to file a Federal income tax return for either 1973 and 1974. Since Adams did not furnish respondent with any records concerning income and expenses for 1973 and 1974, respondent determined Adams' tax liability for these years based on the information it possessed with respect to Adams' 1975 taxable year. Department of Labor statistics indicate that the low-income budget for a family of four in the Chicago area during 1973 and 1974 was $ 8,635 and $ 9,571, respectively. Adams received no public assistance or unemployment compensation during 1973 or 1974. During the years 1973, 1974, 1975, and 1977, Adams operated a sole proprietorship under the business name "Peerless." Adams performed various types of home repair services including painting and cleaning. During 1975, Adams listed his business with the Chamber of Commerce. Adams occasionally advertised his services in a local newspaper, listing his home phone number on such advertisements. He used his home as his business headquarters *534 wherein he received inquiries for possible contracting servies. Adams obtained many of his jobs through bids. He provided his own toois and supplies on his jobs, and stored such tools either in his house or truck.His home was the sole fixed location of his business and essential to his business operations. It was his primary place of employment. On occasion, Adams hired helpers to assist him on various jobs. Adams would personally select, supervise, and pay these helpers. Adams was self-employed during 1973, 1974, 1975, and 1977. Although Adams filed income tax returns for the years 1970, 1971, and 1972, he failed to file returns for the years 1973 and 1974. Adams was informed by one of the men at a citizen's meeting that he should file income tax returns for 1973 and 1974. Adams' failure to file income tax returns for 1973 and 1974, and petitioners' failure to timely file a return for 1975 was not due to reasonable cause. Part of the underpayment of tax required to be shown on petitioners' 1975 income tax return was due to negligence. OPINION Issue 1. Self-Employment Tax
On their tax returns for 1975 and 1977, petitioners reported no self-employment tax liability. *535 Respondent determined that the net earnings from Adams' business for such years (and in addition, for his 1973 and 1974 taxable years) was subject to the self-employment tax under section 1401. The liability for self-employment tax is imposed where an individual has self-employment income as defined in section 1402. [3] Section 1402 defines self-employment income in such a manner as to exclude, with certain exceptions not here pertinent, compensation received by an individual from the performance of services as an employee within the meaning of section 3121(d). One of the definitions of an employee contained in section 3121(d) is "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." *536 It is clear from the record that Adams was self-employed during the years in question. Adams was an independent contractor engaged in a home repair business. He performed such services for various homeowners in the Chicago area. The record does not indicate that Adams provided services for any of these homeowners on a continuing basis so as to suggest a permanent employment relationship. See Simpson v. Commissioner,64 T.C. 974, 984-985 (1975). The fact that Adams advertised in news-papers, thereby holding himself out to the general public as willing to provide these services is also evidence that he was self-employed during such years. See section 31.3121(d)-1(c)(2), Employment Tax Regs. Furthermore, Adams testified that he received his jobs through bids and that he retained the right to select his own assistants and subcontract jobs. In addition, he provided his own tools and supplies for the jobs. In fact, Adams indicated on his 1975 and 1977 returns thathe was "self-employed." We thus conclude that Adams was self-employed during the period under consideration and was therefore subject to the self-employment tax under section 1401. Issue 2. Travel *537 Expenses Between Home and Job Sites
In determining Adams' net income for the 1973, 1974, and 1975 taxable years, respondent disallowed the cost of Adams' travel between his home and job sites as business expenses under section 162.Adams argues that since his home is his office, he is entitled to deduct the cost of such travel. It is well established that expenses one incurs in commuting between one's home and place of business are personal and nondeductible. Commissioner v. Flowers,326 U.S.465, 473-474 (1946); Heuer v. Commissioner,32 T.C. 947, 951-952 (1959), affd. per curiam 283 F.2d 865 (5th Cir.1960). See also sections 1.162-2(e) and 1.262-1(b)(5), Income Tax Regs. Expenses incurred on trips between places of business, however, may be deductible. Steinhort v. Commissioner,335 F.2d 496, 503-504 (5th Cir. 1964), affg. and remanding a Memorandum Opinion of this Court; Heuer v. Commissioner,32 T.C. at 953. We recently extended this latter rule in Curphey v. Commissioner,73 T.C. 766, 777-778 (1980), on appeal (9th Cir. Nov. 24, 1980) to allow the cost of local transportation incurred in *538 travel between the taxpayer's home office and other business locations where the taxpayer's residence is his principal place of business with respect to the activities involved. See also Wisconsin Psychiatric Services, Ltd. v. Commissioner,76 T.C. 839, 849-850 (1981); Dancer v. Commissioner,73 T.C. 1103, 1106 (1980); Hulme v. United States, an unreported case ( N.D. Cal. 1965, 16 AFTR 2d 5084, 1965-2 USTC par. 9499). In Curphey, the taxpayer made trips from his home office to his rental properties to carry out certain management duties at those properties. The taxpayer used one bedroom at his residence exclusively as an office for bookkeeping and other activities relating to the management of the properties. We found that for purposes of section 280A, his home office was the principal place of business with respect to his rental activities. 73 T.C. at 768, 777. [4] We thus held that the expenses of travel between the taxpayer's residence (which was his primary place of business) and his rental properties were deductible under section 162.Similarly, in Wisconsin Psychiatric Services, Ltd. v. Commissioner,supra, *539 we held that the expenses of a psychiatrist in traveling between his home office (which we found to be the focal point of his psychiatric practice) and the various hospitals wherein he performed services were deductible under section 162(a). We reiterated the rule set forth in Curphey, stating: [W]e will only permit a taxpayer to deduct travel between his home and other places of business where the use of his home office is so central to his business that trips from his home to other places of business are in the nature of normal and deductible business travel. [76 T.C. at 849; fn. references omitted]. *540 Where the taxpayer's residence was not his major place of employment, however, expenses incurred in traveling between his residence and job sites are nondeductible commuting expenses. Smith v. Warren,388 F.2d 671 (9th Cir. 1968); Green v. Commissioner,59 T.C. 456, 459-460 (1972); Heuer v. Commissioner,supra.
We believe that Adams' primary place of business was his home rather than the geographical location of his various job sites. He was an independent contractor who provided home repair services to various Chicago residents. He advertised in local newspapers, listing his home phone as his place of business wherein he could be reached. He received inquiries concerning possible jobs at his home phone. His tools and supplies that he provided for his jobs were stored in his home. Occasionally, he would hire helpers to assist him on various jobs and we can infer from the record that Adams initiated such contacts at his home phone. His home was his business headquarters. The active performance of Adams' services, however, took place at the homes of various clients. Nonetheless, we cannot say that his principal place *541 of his employment was an imaginary geographical situs which encompassed all the homes in the Chicago area where he performed repair work. Rather, since Adams' home was the sole fixed location of his business and essential to his business operations, we think that the present case falls within the Curphey rule and that Adams' local transportation expenses between his home and job sites are deductible. The cases respondent principally relies upon, Smith v. Warren,supra, and Heuer v. Commissioner,supra, are distinguishable. Heuer involved a river pilot who had no single site from which he started to work each day. Instead, he began work at many different wharves and docks. He, like Adams, contended that his residence was his business headquarters because he practiced his profession from there and thus all of his trips to and from the ship locations were incident to the carrying on of his trade or business. We concluded that his place of employment was the area in which was located the wharves and docks to which he was subject to being assigned and thus the cost of travel from his residence to any point of assignment was a commuting *542 expense. In Heuer, however, the only business activities that took place in his home was his receiving of telephone calls advising him of assignments. 32 T.C. at 952. In fact, since all such assignments were dispatched from a central office of a pilot's association, the Court found that the taxpayer was not required to stay at home to receive such calls. Rather, "[a]ll that was required was that he keep the association advised as to his whereabouts." 32 T.C. at 952. By contrast, Adams' use of his home as his "home base" for his business served a significant and necessary function with respect to his trade or business. [5]
*543 Respondent, however, insists that Adams' travel expenses are nondeductible since they "resemble" commuting costs and are indistinguishable from the costs incurred by a factory or office worker with a single job location. We do not agree.The test of deductibility is not whether the local travel between home and business "resembles" commuting or has the flavor of commuting. Rather, to be deductible under section 162, the travel expenses incurred between the taxpayer's home office and a related business location must have sufficient business justifications. Such justification has been found where the taxpayer's home is his major place of employment. Compare Wisconsin Psychiatric Services, Ltd. v. Commissioner,supra, and Curphey v. Commissioner,73 T.C. 766 (1980) with Green v. Commissioner,supra and Heuer v. Commissioner,32 T.C. 947 (1959). Cf. Jackson v. Commissioner,76 T.C. 696, 700 (1981), and Baie v. Commissioner,74 T.C. 105, 109 (1980) (home office is principal place of business under section 280A if it is "focal point" of taxpayer's business activities). On the *544 facts presented herein, we have concluded that Adams' home constituted his principal place of employment and the travel expenses are deductible under section 162. Issue 3. Net Earnings From Self-Employment
Respondent, after an examination of Adams' 1975 diary by Revenue Agent Lindquist, determined Adams' net earnings from self-employment for the 1975 taxable year. Lindquist verified the accuracy of his conclusion by analyzing petitioners' non-deductible living expenses and comparing his figures with Department of Labor statistics with respect to a low-income budget for a family of four living in the Chicago area during 1975. Adams failed to produce any evidence at trial concerning his income and expenses for that year. In fact, Adams indicated at trial that he did not dispute respondent's determination of his net income for 1975 except for the mileage disallowance. Having found that Adams' travel expenses between his home and job sites are deductible, we sustain respondent's determination for 1975 except that the mileage allowance be adjusted accordingly. In the course of the examination of petitioners' 1975 return, Agent Lindquist learned that Adams had failed to file *545 a return for either 1973 or 1974 and requested that Adams provide records concerning his business activities for these years.Since Adams could not produce any such records, respondent determined Adams' net income for those years based on the amount of income and expenses it determined with respect to Adams' 1975 taxable year. Where a taxpayer does not keep records from which actual income can be determined, the Commissioner may use any reasonable method which clearly reflects the taxpayer's income. Boyett v. Commissioner,204 F.2d 205, 208 (5th Cir. 1953). Adams did provide some testimony that his income was less in 1973 than it was in 1975 due to injuries sustained in that year. However, Adams offered no testimony indicating the amount of time he was unable to work due to such injuries and provided us with no estimates as to the correct amount of income and expenses for 1973.Cf. Cohan v. Commissioner,39 F.2d 540 (2d Cir.1930).Additionally, it seems inconceivable that Adams could have earned much less during either 1973 and 1974 than he did in 1975 and still support his family of five without some sort of public assistance. [6] Thus, respondent's *546 determination for such years was reasonable. However, since the respondent determined Adams' expenses for 1973 and 1974 to be the same as for 1975, an adjustment for mileage must again be made for those years. [7]
Issue 4. Section 6651(a)(1) Additions to Tax
*547 An addition to tax for failure to file an income tax return when due is imposed under section 6651(a)(1), [8] unless it is shown that such failure was due to reasonable cause and not due to willful neglect. Petitioners have the burden of proving error in respondent's determinations. Rule 142(a), Tax Court Rules of Practice and Procedure.
*548 Adams presented no evidence which would indicate reasonable cause for failing to file returns for 1973 and 1974. Adams' belief that he was not required to file for 1973 and 1974 since he thought he owed no taxes for these years does not constitute reasonable cause. Indeed, Adams testified that he had filed income tax returns for several years prior to 1973 and had in fact been advised to file for 1973 and 1974. Additionally, petitioners have not advanced any excuse for their tardy filing for 1975. Thus, respondent's determination on this issue must be sustained. Issue 5. Section 6653(a) Addition to Tax for 1975
An addition to tax under section 6653(a) is imposed if any part of the underpayment of tax is due to negligence or intentional disregard of rules or regulations. Petitioners' failure to report any self-employment tax liability on their 1975 return although Adams indicated both at trial and on such return that he was "self-employed" is strong evidence of negligence. In fact, we think that petitioners, through the exercise of ordinary prudence, could have determined that Adams was required to report such income for purposes of the self-employment tax.In any event, *549 petitioners produced no testimony what-soever to rebut the presumptive correctness of respondent's determination. See Rule 142(a), Tax Court Rules of Practice and Procedure.Consequently, we must hold for respondent on this issue. Decisions will be entered Under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years involved. ↩
2. Since no returns were filed for 1973 and 1974, respondent issued a statutory notice of deficiency only to Joe J. Adams for those years. Consequently, only Joe J. Adams' tax liability is in issue for 1973 and 1974. See note 7, infra.↩
3. SEC. 1402. DEFINITIONS. (a) NET EARNINGS FROM SELF-EMPLOYMENT.--The term "net earnings from self-employment" means the gross income derived by an individual from any trade or business carried on by such individual, less the deductions * * * (b) SELF-EMPLOYMENT INCOME.--The term "self-employment income" means the net earnings from self-employment derived by an individual * * * during any taxable year; * * * (c) TRADE OR BUSINESS.--The term "trade or business", when used with reference to self-employment income or net earnings from self-employment, shall have the same meaning as when used in section 162 * * * except that such term shall not include-- (3) the performance of service by an individual as an employee * * * (d) EMPLOYEE AND WAGES.--The term "employee" * * * shall have the same meaning as when used in chapter 21 (sec. 3101 and following, relating to Federal Insurance Contributions Act).↩
4. In Curphey v. Commissioner,73 T.C. 766 (1980), on appeal (9th Cir. 1Nov. 24, 1980), the respondent conceded that the taxpayer's home office was his principal place of business with respect to his rental activities for purposes of sec. 280A. 73 T.C. at 776, n. 11.Respondent was contending, however, that the taxpayer was not entitled to a deduction under sec. 280A for business use of his home because his rental activities did not constitute a trade or business for purposes of that section. 73 T.C. at 772↩.
5. See also Smith v. Warren,388 F.2d 671 (9th Cir. 1968) where under facts similar to Heuer v. Comissioner,32 T.C. 947 (1959), the Ninth Circuit in a per curiam affirmance of the District Court opinion, reached a similar result. As in Heuer, the evidence there showed that the taxpayer was not required to remain at home to receive his assignments and that any charts, tables, and books which the taxpayer kept at his office in his home were also available in the association headquarters. 388 F.2d at 673↩.
6. We note that Department of Labor statistics indicate that a low-income budget for a family of four in the Chicago area during 1973 and 1974 was $ 8,635 and $9,571, respectively. The income figures determined by respondent for 1973 and 1974 are even lower than these figures. Although respondent used these guidelines merely to corroborate the accuracy of its determination, this Court has sustained respondent's use of such figures in the absence of any records to estimate the taxpayer's income for a particular year.See e.g., Giddio v. Commissioner,54 T.C. 1530↩ (1970).
7. Since Adams did not file any income tax returns for 1973 and 1974, his tax for these years must be computed on the basis of rules applicable to married individuals filing a separate return. See Durovic v. Commissioner,54 T.C. 1364, 1401-1402 (1970), affd. on this issue 487 F.2d 36↩ (7th Cir. 1973).
8. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) ADDITION TO THE TAX.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; Since Adams failed to file any return for 1973 and 1974, respondent asserted the sec. 6651(a)(1) addition to tax equal to 25 percent of the underpayment only with respect to petitioner Joe Adams. See note 6, supra.↩ The penalty for late filing in 1975 (equal to 5 percent of the underpayment) was asserted against petitioners jointly since they filed a joint return for that year.