LAWRENCE E. GRAY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gray v. Commissioner
Docket Nos. 9182-89, 11048-89
United States Tax Court
T.C. Memo 1990-313; 1990 Tax Ct. Memo LEXIS 331; 59 T.C.M. (CCH) 962; T.C.M. (RIA) 90313; June 21, 1990, Filed *331 Decisions will be entered under Rule 155. Lawrence E. Gray, pro se. Richard A. Stone, for the respondent. GOLDBERG, Special Trial Judge. GOLDBERG
MEMORANDUM OPINION These consolidated cases were heard pursuant to the provisions of 7443A(b)(3) of the Internal Revenue Code of 1954, and Rule 180 et seq. [1] Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax
Docket Number
Year
Deficiency
§ 6653(a)(1)
§ 6653(a)(2)
9182-89
1984
$ 3,772
$ 188.60 *
1985
$ 4,901
- -
1986
$ 1,153
- -
11048-89
1985
$ 4,901
- -
1986
$ 1,153
- -
1987
$ 1,866
- - On June 19, 1989, we granted respondent's motion to dismiss the case for lack of jurisdiction as to the taxable year 1984 in docket number 9182-89 and respondent's motion to dismiss the case as to the taxable years 1985 and 1986 in docket number 11048-89. Therefore, the taxable years now before the Court *332 are 1985 and 1986 in docket number 9182-89, and 1987 in docket number 11048-89. The issues for decision are (1) whether petitioner is entitled to claim married filing jointly filing status for 1985 and 1986, and head of household filing status for 1987; (2) whether petitioner is entitled to certain exemptions for 1985, 1986, and 1987; (3) whether petitioner is entitled to certain itemized deductions for 1985; and (4) whether petitioner is entitled to employee business expenses for 1985, 1986, and 1987. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner listed his place of residence as St. Louis, Missouri, when he filed his petition in docket number 9182-89, and as East St. Louis, Illinois, when he filed his petition in docket number 11048-89. On his 1985, 1986, and 1987 Federal income tax returns, petitioner claimed various exemptions, itemized deductions, and employee business expenses. Respondent disallowed some or all of the claimed exemptions and deductions and also determined that petitioner filed his Federal income tax returns for the years in issue claiming the wrong filing *333 status. Petitioner claims that his filing status and all of his deductions were proper, and that he is entitled to them as claimed. Deductions are strictly a matter of legislative grace, and a taxpayer has the burden of establishing that he is entitled to any deduction claimed on his return. Deputy v. DuPont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933); Rule 142(a). For convenience, we will discuss each issue separately. FILING STATUS
Taxable Years 1985 and 1986
Petitioner filed joint Federal income tax returns with his then wife, Ann Gray, for the taxable years 1985 and 1986. Respondent determined that petitioner's proper filing status for those years is married filing separately. Initially, there was some question as to the validity of Ann Gray's signature on the returns. However, it is now clear that both returns were signed by her. Since no social security number was listed for Ms. Gray on either return, respondent contends that it is impossible to verify that she did not earn income and file separate returns for 1985 and 1986. Therefore, respondent argues that petitioner has not established *334 that he is entitled to file joint returns for 1985 and 1986. Petitioner bears the burden of proving he filed his returns claiming the correct filing status. Rule 142(a). Petitioner married Ms. Gray on November 5, 1964. Petitioner and Ms. Gray developed marital problems after petitioner fathered a son, Corey, by another woman in 1982. However, Ms. Gray remained with petitioner in the house he rented from his father in St. Louis, Missouri, until she eventually left him around May 1987. Petitioner did not provide support to Ms. Gray after she left and has only heard from her one time since then. Petitioner assumes that because Ms. Gray remarried she was granted a divorce from him sometime after 1986, but he has no idea when this divorce occurred. Petitioner maintains that Ms. Gray never obtained a social security number because she never had a job, and that is the reason it does not appear on the returns. He insists that he lived with Ms. Gray throughout all of 1985 and 1986 and that she did not have any income during those years. Petitioner testified that she was a full-time housewife, as was indicated on the returns. It should also be noted that petitioner listed an East St. *335 Louis, Illinois, address on his 1986 Federal income tax return and a St. Louis, Missouri, address on his 1985 return. The Illinois address is that of his girlfriend. He used the Illinois address on the return so that his refund checks would be sent there. Petitioner claims, however, that he still lived at the Missouri address during all of 1985 and 1986, but would often spend nights at his girlfriend's house. After reviewing the record, we find petitioner's testimony regarding the situation with his former wife and the time frame in which she left to be honest and credible, albeit fascinating. Therefore, we hold that petitioner properly filed his 1985 and 1986 Federal income tax returns claiming married filing jointly status. Taxable Year 1987
Petitioner claimed head of household filing status on his 1987 Federal income tax return. Respondent determined that petitioner's correct filing status for 1987 is single. Under section 2(b)(1), a taxpayer claiming head of household filing status cannot be married as of the close of the taxable year. From the record, it is not clear, and petitioner admits that he is not aware of the date of his divorce. Therefore, petitioner has failed to *336 establish that he was not married as of December 31, 1987. Accordingly, he is not entitled to claim head of household filing status for 1987. See Rule 142(a). We sustain respondent and hold that petitioner's correct filing status for 1987 is single. EXEMPTIONS
On his 1985 and 1986 Federal income tax returns, petitioner claimed an exemption for his wife, Ms. Gray. Respondent contends that petitioner has not established that Ms. Gray even existed or that he is entitled to the exemptions if she did exist. In view of our discussion above concerning petitioner's filing status, we hold that petitioner is entitled to an exemption in each of the years 1985 and 1986 for Ms. Gray. It is clear from the record that Ms. Gray did exist, was married to petitioner, and resided in the same primary household with petitioner during those years. In 1985, 1986, and 1987, petitioner also claimed exemptions for his son, Corey. In addition, in 1985 petitioner claimed exemptions for his three grandchildren. Petitioner claims that he took his grandchildren into his home whenever his daughter happened to "pop up" and leave them with him. The grandchildren were first left with petitioner in 1985 when they *337 were 12, 5, and 3 years of age. None of them ever went to school and the two younger ones were taken care of by the older one when petitioner was away from home. They lived with petitioner eight months in 1985 before their mother took them away. She then left them with petitioner again in July 1986 until January 1987. They then came back about two months later in February or March 1987 and remained with petitioner for most of the rest of the year. Petitioner claims that he provided the children with 100 percent of their support while they were with him in 1985. Petitioner also contends that Corey lived with him during all of 1985, 1986, and 1987 at the St. Louis, Missouri, residence, and that he provided 100 percent of Corey's support during those years. Petitioner's father or Ms. Gray cared for Corey while petitioner was either working or visiting at his girlfriend's house. Respondent contends that petitioner is not entitled to the claimed exemptions for his son and grandchildren because he has not established that he provided more than one half the support of each child. After reviewing the record, we agree with respondent. Although we are convinced that petitioner provided *338 some portion of the support of his son and grandchildren, we are unable to find from the record either the total amount of the support for the year or the portion thereof that was furnished by petitioner. Again, petitioner has not provided any evidence to corroborate his own testimony. Consequently, we are unable to find that petitioner provided more than one half of such support, as required by section 152(a). Stephenson v. Commissioner, 79 T.C. 995, 1003-1004 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Smith v. Commissioner, T.C. Memo. 1985-240. ITEMIZED DEDUCTIONS
On Schedule A, attached to his 1985 Federal income tax return, petitioner claimed medical and dental expenses of $ 5,170. Respondent disallowed petitioner's claimed deduction for failure to substantiate the expenses. Petitioner contends that these expenses were incurred on behalf of himself and Corey. Petitioner has failed to provide any evidence whatsoever to substantiate the claimed medical and dental expenses. Furthermore, the state of the record does not permit us to estimate that any amounts were in fact paid. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). We sustain respondent on the issue. EMPLOYEE *339 BUSINESS EXPENSES
During each of the years in issue, petitioner was employed by the Army Corps of Engineers, as a fireman water tender. His duties were performed on the dredge Genevieve, which operated on the Mississippi River and her tributaries, from St. Louis. Petitioner worked a seven-day tour of duty in shifts of six hours on duty, six hours off duty. At the end of his tour of duty, petitioner generally had a few days off from work. During the six-hour shifts he was off duty, petitioner would often go ashore and move his car to the location the dredge was traveling, in order that he could drive back to St. Louis when his weekly tour of duty was complete. Petitioner would then drive from St. Louis back to the dredge to begin a new tour of duty. On his 1985, 1986, and 1987 Federal income tax returns, petitioner claimed employee business expenses of $ 10,600, $ 8,366, and $ 4,503, respectively. Petitioner contends that these amounts represent actual automobile and other related expenses incurred in connection with "following the dredge," as well as depreciation on the cars he used for this purpose. Petitioner had a travel log in his truck, but the truck was stolen sometime *340 in 1986. However, he has provided us with some receipts. Respondent contends that the claimed amounts are nondeductible personal expenses incurred while commuting. Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 167(a) allows, as a depreciation deduction, a reasonable allowance for the wear and tear of property. There is a well recognized distinction between expenses of traveling incurred in carrying on a trade or business and commuting expenses, that is, those incurred in going from one's residence to one's place of work and return. The latter have always been held to be nondeductible personal expenses, as distinguished from business expenses. Commissioner v. Flowers, 326 U.S. 465 (1946); Smith v. Warren , 388 F.2d 671, 673 (9th Cir. 1968); Steinhort v. Commissioner, 335 F.2d 496, 503 (5th Cir. 1964), affg. and remanding a Memorandum Opinion of this Court; Heuer v. Commissioner, 32 T.C 947, 951 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). It has been held in cases involving ship pilots that a taxpayer may not deduct the costs of transportation from home to *341 his first location of business and from his last location of business back home. However, he may deduct transportation expenses, as well as depreciation, incurred in connection with traveling from one point of assignment to another. Steinhort v. Commissioner, supra at 504; Heuer v. Commissionersupra at 953. Here, like the ship pilots, petitioner's place of business was wherever the dredge was located. Although the dredge generally worked out of St. Louis, it could be on the river for long periods of time at locations well over 100 miles from its dock. When a channel in the Mississippi or a tributary needed to be cleared, the dredge would travel to that location. Because of weather and the water level in the rivers, the dredge operated only during certain months of the year. In order that petitioner would have his car available to him at the end of his weekly tour of duty, he would move his car on his off shifts to where the dredge was traveling. However, this was solely for petitioner's convenience and was not incident to his work. Petitioner was not traveling from assignment to assignment in doing so, but rather was merely following the dredge during a single assignment in *342 order to get back to St. Louis quickly when his workweek was over. Furthermore, in traveling to and from St. Louis and the dredge petitioner was only commuting to and from his place of employment at the beginning and end of his weekly tours of duty. See Steinhort v. Commissioner, supra; Heuer v. Commissioner, supra.
Accordingly, we find that the car expenses incurred by petitioner during the years in question were commuting expenses. As such, they are personal in nature and are not deductible. Likewise, petitioner is not entitled to deduct depreciation on the cars used to commute. Therefore, we sustain respondent on the issue. Decisions will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code, as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations.↩